THE STATE OF MONTANA, RESPONDENT, *v.* JOHN JUDD, APPELLANT.

[Submitted Jan. 26, 1898. Decided Jan. 31, 1898.]

*Larceny—Evidence—Burden of Proof—Instruction.*

1. LARCENY—*Evidence.*—Evidence of witnesses as to what was told them by the prosecuting witness in conversation at which defendant was not present, is clearly hearsay and incompetent.
2. SAME—*Burden of Proof.*—In a trial for larceny by a bailee, the burden is upon the state to prove the criminal intent; and an instruction which puts upon the defendant the burden of proving that he had no guilty intent in disposing of the money alleged to have been converted, is absolutely erroneous.

*Appeal from District Court, Silver Bow county. William Clancy, Judge.*

JOHN JUDD was convicted of grand larceny, and appeals. Reversed.

Statement of the case by the justice delivering the opinion.

The defendant was convicted of the crime of grand larceny in the District Court of Silver Bow county, and appeals from the judgment. The information charges him with stealing $160, the money of one Jennie Wilson; the defendant being, as is charged, the bailee of said Jennie Wilson; she having, as it seems, deposited the money with him, which it is charged he converted to his own use. The jury, by their verdict, fixed the punishment of the defendant at one year in the penitentiary; and on the 26th day of June, 1897, the court entered judgment sentencing the defendant to prison for that term.

On the trial of the case the court permitted, over the objection of the defendant, E. S. Booth and Charles Mattison, Esq., who were assistant county attorneys at the date of the alleged offense, and also M. L. Holland, who was then a justice of the peace in Butte, to testify in rebuttal as to what Jennie Wilson, the complaining witness, said in relation to the defendant's taking and converting the moneys in question to his own use. These statements of the prosecuting witness were all made to the said witnesses in the absence of the defendant.

The court, at the instance of the state, gave to the jury the following instruction: ''If you find that the defendant in this case took the money and property in question, intending to return it to the complaining witness in the case, but did not restore it to her after demand was made on him, and before complaint had been lodged with a court or magistrate, charging the commission of the offense, the fact that he did so intend to return it is no defense to this action. If you believe that he took the money under the circumstances related by the witness Mrs. Wilson, and did not return the same when he was requested so to do, nor has returned the money to her, then you are instructed that the law presumes a guilty intent in the appropriation of said money, and the state does not have to prove such intent, but the burden of the proof is on the defendant to show that he had no such intent.''

At the instance of the defendant the court gave the follow-

ing instructions : No. 7. "You are instructed that although you may believe from the evidence, beyond a reasonable doubt, that the defendant received the money in question from Jennie Wilson, and converted it to his own use, still, if you further believe from the evidence that the defendant took the money under a claim of title, honestly entertained, then he is not guilty of larceny; and in such case it makes no difference whether he did in fact have any legal. right to the possession of the property or not."

No. 8. "The intent in this case is of the essence of the offense charged, and the intent is necessary to complete the crime of larceny; for if the defendant, under an honest impression that he had a right to spend the money in question, did so appropriate the same to his own use, and spend it, this would not be larceny."

After the jury had retired to consider of their verdict, it seems that they were of the opinion that the instructions on the part of the state and those given at the instance of the defendant were inconsistent and conflicting, whereupon they returned into court, and asked for further instructions.

Thereupon the court instructed the jury as follows : "The court, of its own motion, instructs the jury that they are the sole judges of the evidence and the weight of evidence in this case, and must consider all of the evidence or any part of the evidence of any witness, and give it what weight it deserves."

After this instruction the jury returned to their room, and afterwards returned a verdict of guilty against defendant, upon which the judgment in the case was rendered.

*Stanton & Stanton,* for Appellant.

*C. B. Nolan,* Attorney General, for the State.

PEMBERTON, C. J.—The appellant assigns as errors the admission of the evidence of witnesses Booth, Mattison, and Holland, as to what the complaining witness told them about defendant's taking the money, and the giving of the instructions by the court as shown and set out in the statement.

The action of the court in admitting the objectionable evidence, and in giving the instructions complained of, is so palpably wrong, in the opinion of the Attorney General, that he admits in his brief that the case should be reversed and remanded for new trial. We would therefore reverse and remand the case on the Attorney General's confession of error, without comment, but for the fact that the case will perhaps be tried again.

That the evidence of the witnesses as to what Jennie Wilson told them about the defendant's taking the money mentioned in the information was hearsay, cannot be disputed. Nor is it anywhere pretended that these statements were made in the presence of the defendant. The statements were made by the complaining witness to the other witnesses in the city of Butte when it is conceded that the defendant was out of the city. It is not improbable that the complaining witness told her grievances and version of the case to many other people, and, if such statements are competent evidence to establish the defendant's guilt, the prosecution might have made a stronger case by putting such persons on the witness stand. And this objectionable evidence was all admitted in rebuttal. Its admission was such palpably prejudicial error that we are at a loss to see upon what theory the prosecuting attorney could have offered it, or the court admitted it.

It only requires a casual reading of the instructions complained of to see that they are irreconcilably inconsistent and conflicting. The instruction given at the instance of the state tells the jury, substantially, that if the defendant took the money, intending to return it, but did not do so after demand, the fact that he intended to return it when he took it, or when it was delivered to him by Jennie Wilson, is no defense, and that the burden was on the defendant to show that he had no guilty intent. The instructions given at the instance of the defendant make the intent the essence of the crime, and require the state to prove a guilty intent; telling the jury, in effect, that, although the defendant appropriated the money, yet, if he did it under an honest claim of right or

title, he was not guilty, as charged, of larceny. These instructions are so conflicting that no jury could reconcile them. And the additional instruction given by the court at the request of the jury did not relieve or remedy the conflict. The instruction given on the part of the state, placing the burden of proving that he had no guilty intent in disposing of the money in question upon the defendant, was absolutely erroneous. It devolved upon the state to prove beyond a reasonable doubt that the defendant was the bailee of the money, and that he unlawfully and feloniously appropriated it to his own use. The defendant was not required to prove his innocence.

The errors in this case are so glaring that we commend the action of the Attorney General in confessing them on an inspection of the record. The action of the court, especially in admitting the evidence complained of, would be ridiculous, but for the expense imposed upon the taxpayers by such seemingly farcical administration of the laws of the state.

The judgment appealed from is reversed, and the case remanded for new trial.

*Reversed and Remanded.*

PIGOTT, J., concurs.   HUNT, J., not sitting.