(September 28, 1911.)

STATE, Respondent, v. OVA J. ALLEN, Appellant.

[117 Pac. 849.]

CRIMINAL LAW—INFORMATION—INDORSING NAMES.

(Syllabus by the court.)

1. Rev. Codes, sec. 7656, requires that the prosecuting attorney shall indorse upon the information filed in a criminal case the names of witnesses known to him at the time of filling the same, and at such time before the trial of any case as the court by rule or otherwise may prescribe, the names of such other witnesses as shall be known to him.

2. This statute, however, does not mean that an information will be quashed or that the prosecution shall in no case be permitted to have names indorsed upon the information after the same is filed, where good cause is shown at the time the application is made why the name or names were not indorsed at the time the information was filed, or why application was not sooner made after such information was filed.

3. If good cause be shown by the prosecuting officer why such in-, dorsement was not made in accordance with the statute, and it appears that the failure to indorse the witness' name upon the information has in no way prejudiced or misled the defendant, then in such case the defendant can in no way be injured, and none of his rights will be denied by permitting the name of a witness to be indorsed after the information is filed.

4. A showing supporting a motion for permission to indorse a name upon the information after the information is filed and the trial begun, which shows that the witness whose name the prosecution asks to have indorsed upon the information was a witness at the preliminary examination, and that the defendant knew that such witness was an important and material witness for the prosecution, and the only reason why such name was not indorsed was the oversight and neglect of the prosecuting attorney, and no showing is made on behalf of the defendant to the effect that such defendant was in any way misled or deceived by the failure to indorse such name on the information, and that the court offered to grant a continuance giving the defendant time to secure necessary and material evidence made necessary by such indorsement, such showing is sufficient to warrant the court in permitting such name to be indorsed upon the information.

5. It is not error for the trial court to overrule a motion for a continuance in a criminal case upon the ground of absence of witnesses, where the showing fails to state the names of such witnesses, what the defendant believes such witnesses will testify to or show the materiality of the evidence of such witnesses.

APPEAL from the District Court of the Seventh Judicial District for Washington County. Hon. Ed. L. Bryan, Judge.

Prosecution for battery. Judgment of conviction. Defendant appeals. *Affirmed.*

Frank Harris, for Appellant.

The requirement of sec. 7656, Rev. Codes, is mandatory, and to depart from the rules therein established is to invade the legal rights of the defendant. (*State v. Wilmbusse,* 8 Ida. 608, 70 Pac. 849; *State v. Crea,* 10 Ida. 88, 76 Pac. 1013; *State v. Barber,* 13 Ida. 65, 88 Pac. 418.)

"To say that a statute is directory approaches so near legislative ·discretion that this rule of construction ought to be

applied by the courts with reluctance, and only in extraordinary cases, where great public mischiefs would otherwise occur." (*Koch v. Bridges,* 45 Miss. 247; 36 Cyc. 1157; *Corbett v. Bradley,* 7 Nev. 106.)

D. C. McDougall, Attorney General, J. H. Peterson and O. M. Van Duyn, Assistants, for Respondent.

Upon reading the statute, it becomes obvious that its purpose is to prevent the prosecution from surprising a defendant with witnesses whose testimony he is not prepared to combat, and that he is entitled to know before the trial who will testify against him in order that he might be in a position to combat or rebut such testimony. In the case at bar, the defendant was not taken by surprise.

"It is not necessary at common law that the names of witnesses examined before the grand jury shall be indorsed or otherwise appear on the indictment, but this is sometimes required by statute. As a general rule, it is held that these statutes are merely directory, and that a failure to comply with them will not render an indictment invalid." (22 Cyc. 258, par. 5, and cases cited; *Commonwealth v. Glass,* 107 Ky. 160, 53 S. W. 18; *Reed v. State,* 75 Neb. 509, 106 N. W. 649; *State v. Thompson,* 76 Kan. 365, 91 Pac. 79; *State v. Bundy,* 71 Kan. 779, 81 Pac. 459; *State v. Jeffries,* 210 Mo. 302, 109 S. W. 614, 14 Ann. Cas. 524; *People v. Weil,* 243 Ill. 208, 134 Am. St. 357, 90 N. E. 733; *State v. Wilson,* 223 Mo. 173, 122 S. W. 675; *People v. Crowey,* 56 Cal. 38, 39.)

STEWART, C. J.—On January 25, 1911, the prosecuting attorney of Washington county filed an information in the district court of said county, charging the appellant with the crime of assault by means of force likely to produce great bodily injury. The defendant upon arraignment pleaded not guilty to the information and the cause came on for trial. A jury was impaneled to try the cause and the clerk read the information to the jury and stated the plea of the defendant, and the prosecuting attorney made a statement of the case to the jury. Thereupon the prosecuting attorney called

one Melissa Buriff as a witness. She was asked by the prosecuting attorney her name, and made reply thereto, and thereupon the defendant, the appellant herein, through her counsel, objected to the witness giving testimony in the case upon the part of the state, for the reason that her name is not indorsed upon the information as required by sec. 7656 of the Rev. Codes of Idaho. Upon this objection being made the prosecuting attorney requested the court for a recess for the purpose of preparing and filing an affidavit showing the reason why the name of such witness was not indorsed upon the information. This was granted, and upon reconvening of the court the prosecuting attorney presented his affidavit, which in substance stated as follows: That he filed the information in the above-entitled action, and by an inadvertence and oversight failed to indorse the name of Melissa Buriff, the complaining witness, upon the said information, and was not apprised of the fact that said name was not indorsed until the witness was called to testify and objection was made by the defendant; that the witness is a material and necessary witness in the action, and that the defendant knew that such witness would be called at the trial; that the witness testified in the probate court at the preliminary examination of said defendant, and that upon the arraignment of the defendant, her counsel stated in open court that the defendant would probably ask for a continuance, and thereupon the prosecuting attorney stated to counsel in open court that Melissa Buriff, the complaining witness in the action, lived in Iron Mountain, Montana, and that it would not only be a great inconvenience but a very great expense to put the trial over the term and to bring the witness back later for trial; that the defendant knew the facts that the said Melissa Buriff would be called as a witness, and in no wise has been disappointed or surprised or prejudiced on account of the failure of the name of the said witness to be indorsed on the information.

Thereafter counsel for defendant and appellant filed a motion to strike the affidavit from the files because the same

fails to show any lawful reason why the name of the said Melissa Buriff should be indorsed on the information as a witness, and submits with such motion an affidavit in which counsel for appellant makes oath in substance as follows: That he is attorney for defendant and has been during the preliminary examination in the case and attended the preliminary examination as such, and that one E. R. Coulter, of record as one of the attorneys for the state, was present at such preliminary examination as associate counsel for the state and acted as such and advised with the prosecuting attorney, and that such Coulter before and after the preliminary examination stated at the office of affiant that he had been employed as counsel in the case and intended to act as such; that the state from the beginning of the preliminary examination of the case on the 28th day of January, 1911, has been represented by the prosecuting attorney and the said Coulter, and that there is no valid reason for excusable neglect, inadvertence or oversight in leaving the name of Melissa Buriff off the information as claimed by the prosecuting attorney.

The court thereupon stated that the preliminary examination showed that at the trouble between the witness, Melissa Buriff, and the defendant, no one else was present except the said witness Buriff and the defendant, and therefore ordered that the motion of the defendant to strike the affidavit and motion of the state from the files be overruled, and that the name of the witness, Buriff, should be indorsed upon the information. To this ruling counsel for defendant excepted.

Thereupon counsel for the defendant made a motion for a continuance for the term upon the affidavit of Charles Allen, made on behalf of the defendant. In this affidavit Mr. Allen swears that he is the husband of the defendant, and has had charge of the defense, employed and consulted with counsel; and that after the information was filed counsel for defendant informed affiant that the information did not contain the name of Melissa Buriff as a witness, and that the law required that the names of all witnesses known to the prosecuting attorney at the time of filing the information should be indorsed upon

the same, and that unless so indorsed no person known to the prosecuting attorney at the time of filing the information could become a witness or testify at the trial, and informed affiant that in his opinion Melissa Buriff would not be permitted to become a witness or testify in the case upon the trial, and that it would be useless and unnecessary to procure the attendance of witnesses who would give testimony tending to contradict or impeach her testimony, and to prove that Melissa Buriff had made statements out of court contrary to those made at the preliminary examination in said case; and acting upon such advice the defendant made no endeavor to secure such witnesses and did not have such witnesses in attendance at that time, but believed that if he had known Melissa Buriff was to be permitted to testify as a witness in the case, he could have procured such evidence and would have had witnesses present to give evidence. "That all the persons from whom I expect to procure such evidence reside in the neighborhood of Bear creek, in this county, and are now therein at a distance of more than ninety miles from the place where this court is being held; that I cannot give the name or names of any witness or witnesses from whom such testimony could be elicited, for the reason that I have not made any inquiries for such witnesses for the reason that I had the said advice and counsel as aforesaid." This affidavit further stated that the snow was three feet deep about Bear creek, where the witnesses reside and who might be procured, and that it is difficult to travel about and discuss matters with such persons at the time, and that such conditions would continue for at least a month, and that if the case is continued until next term of court the desired testimony could be procured, and that the defendant cannot safely come to trial at the present term, but that if a continuance is granted the defendant will be prepared for trial.

The record in the case further shows that the court inquired of the sheriff how long it would take to procure witnesses from Bear creek, and the sheriff stated he could get witnesses in three days' time. The court thereupon announced that he would grant a continuance for ten days' time, and the

defendant, through her counsel, elected to proceed to trial at the time, and excepted to the ruling of the court denying the motion for a continuance for the term, and the trial proceeded. The defendant was convicted of battery, made a motion for a new trial, which was overruled, and this appeal is from the judgment and from the order overruling a new trial.

Two questions are presented by the record: First, Did the trial court err in permitting the prosecuting attorney to have indorsed upon the information the name of the witness Buriff after the trial had been commenced? Second, Did the court err in overruling the defendant's motion for a continuance? The latter question is not argued in appellant's brief—no doubt for good reasons.

We will first consider the question as to indorsing the name upon the information. Counsel for appellant argues that sec. 7656 of the Rev. Codes is mandatory, and that the prosecuting attorney is required to indorse upon the information the names of witnesses known to him at the time of filing the same, and that the names so known to the prosecuting attorney at the time his information is filed cannot be indorsed upon the information thereafter for any cause whatever, and that the statute is mandatory and requires that the prosecuting attorney also indorse upon any information at such time before the trial of the cause as may be regulated by rule of court or otherwise be prescribed the names of such witnesses as shall then be known to him; but under no circumstances can the names known to the prosecuting attorney be indorsed upon the information after the same is filed, neither can names of witnesses not known to the prosecuting attorney at the time of filing the information be indorsed at any time after the trial is commenced. This section is as follows:

"Sec. 7656. All informations shall be filed during term, in the court having jurisdiction of the offense specified therein, by the prosecuting attorney as informant; he shall subscribe his name thereto and indorse thereon the names of

the witnesses known to him at the time of filing the same; and at such time before the trial of any case as the court may by rule or otherwise prescribe, he shall indorse thereon the names of such other witnesses as shall then be known to him.''

We cannot agree with the position of counsel for appellant. By the provisions of the statute it was intended that the prosecuting attorney should indorse upon the information the names of witnesses known at the time such information is filed, and witnesses not known to him at the time of the filing of the same, at such time before the trial as the court might by rule or otherwise prescribe. This is required of the prosecutor in order to give full opportunity to the defendant to know the name or names of the witnesses who will be called upon by the prosecution in the trial of the crime charged, so that the defendant may make such preparation for trial as he may deem necessary. And it is the duty of the trial court to see that this provision of the statute is enforced, and it is clearly the duty of the prosecutor to comply with its terms. But this requirement does not mean that an information shall be quashed or that the prosecution shall in no case be permitted to have names indorsed upon the information after the same is filed, where good cause is shown at the time the application is made why the name or names were not indorsed at the time the information was filed, or why application was not sooner made after such information was filed. If good cause be shown by the prosecuting officer why such indorsement was not made in accordance with the statute, and it appears that the failure to indorse the witness' name upon the information could in no way prejudice or mislead the defendant, then, and in such case, the defendant would in no way be injured, and none of his rights would be denied by permitting the name of a witness to be indorsed after the information is filed. In the present case it is shown that the witness whose name the prosecution asked to have indorsed upon the information was a witness at the preliminary examination, and that the defendant knew that such witness was an important and material witness for the prosecution; that the failure to

indorse such name upon the information at the time it was
filed was because of the oversight of the prosecuting attorney,
and no showing was made upon behalf of the defendant that
such defendant was in any way misled or deceived by the
failure to indorse the name on the information.

It further appears in this case that after the name was per-
mitted to be indorsed upon the information the trial court
advised the defendant that he would continue the case for the
period of ten days, so as to give defendant time to secure
witnesses to meet any testimony the witness whose name had
been indorsed upon the information gave at the trial.   This
the defendant declined, and asked that a continuance be
granted for the term.   This the court denied, but there was no
claim upon the part of the defendant or no showing made
that she could not be ready for trial within the ten days'
time which the court indicated he would give.   There was no
showing made by the defendant that she could not procure the
attendance of witnesses necessary or required at said trial or
necessary or desired to meet any evidence the witness, whose
name had been indorsed upon the information at such time,
might give.   Rev. Codes, sec. 8236, provides: "Neither a de-
parture from the form or mode prescribed by this code in re-
spect to any pleading or proceeding, nor an error or mistake
therein, renders it invalid, unless it has actually prejudiced
the defendant, or tended to his prejudice in respect to a sub-
stantial right." (*State v. Marren,* 17 Ida. 766, 107 Pac. 993.)

In the case of *State v. Wilmbusse,* 8 Ida. 608, 70 Pac. 948,
this court had under consideration the second provision of the
statute above quoted, and said: "The record shows that after
the jury had been impaneled, and before any witnesses were
sworn, the prosecuting attorney moved the court for permis-
sion to indorse other names of witnesses on the information,
and in support of such motion presented his affidavit setting
forth that he did not know of said witnesses at the time of
filing the information; and, upon the showing made, the court
granted the motion.   It is contended that the court erred
therein, for the reason that by Session Laws of 1899, page
125, section 2, it is provided that the names of all witnesses

shall be indorsed upon the information before the trial. Technically, the trial began when the impaneling of the jury was begun. But it is not contended that defendant was in any way prejudiced by said action of the court. The evident purpose of such law is to inform the defendant of the names of the witnesses who are to testify against him, so that he may have an opportunity to meet and controvert their evidence. And had the defendant asked for time for that pur- pose, the court, no doubt, would have given it to him."

In the case of *State v. McGann*, 8 Ida. 40, 66 Pac. 823, this court said in discussing the right of the prosecuting attorney to correct an error in the name of a witness indorsed upon the information: "It is not shown that such action prejudiced the appellant. It is argued, however, that it might prejudice him, and that this court should presume that it did prejudice him; but the rule has been so often and repeatedly announced by this court that prejudicial error must be made to appear affirmatively by the record, that we feel it unnecessary to seriously consider this assignment of error."

Our attention is called to the case of *State v. Crea*, 10 Ida. 88, 76 Pac. 1013, and *State v. Barber*, 13 Ida. 65, 88 Pac. 418, on which counsel for appellant relies as authority for his contention that the statute is mandatory. We do not understand that the case of *State v. Crea* so holds. The court stated in the opinion in that case that the record shows that the names of several of the witnesses were, on the motion of the prosecuting attorney, indorsed on the information, and that no reason was shown to the court why such names had been and were not indorsed on the information at the time the information was filed, and that where the prosecuting attorney seeks to have the names of witnesses indorsed on the information after the same has been filed, before permit- ting the same the court must be satisfied that the names of such witnesses were not known to the prosecutor at the time the information was filed.

This case, we think, is in harmony with the case of *State v. Wilmbusse*, 8 Ida. 608, 70 Pac. 849, and does not hold that the

name of a witness may not be indorsed upon an information after the filing if proper showing is made to the court. In the case of *State v. Barber,* 13 Ida. 65, 88 Pac. 418, the court says, after quoting sec. 7668 of the Rev. Codes: "We think this provision of our statute is mandatory, and should be enforced at all times in prosecutions either by indictment or information"; but immediately thereafter the court says: "When a party charged with crime is upon trial, he has a right to know who the witnesses are against him, and if during the trial the prosecution obtained information that another witness or other witnesses are essential to a successful prosecution, he should be required by the court to show where he obtained the information, and if the showing is sufficient, then the court should order the name or names placed on the indictment or information without delay." And quotes with approval the opinion of the court in *State v. Crea, supra,* wherein they say: "And when it was sought to have the names of other witnesses indorsed thereon after the same has been filed, the court must be satisfied that the names of such witnesses were not known to the prosecuting attorney at the time the information was filed, before such names were allowed to be indorsed thereon." We think, therefore, that this court has been uniform in holding that the name of a witness may be indorsed upon an information after it is filed when proper showing is made to the trial court. Under the showing made in this case we are clearly satisfied that the trial court committed no error in permitting the name of the witness Buriff to be indorsed upon the information.

The question of continuance is not argued in the brief, but inasmuch as it is presented by the record and was referred to upon oral argument, we will call attention to the showing and its insufficiency. It will be seen from the facts heretofore recited that the trial court offered to continue the case for ten days and that the defendant declined this offer and asked for a continuance for the term. The showing for the continuance, so far as material, depends upon the affidavit of Charles Allen, the husband of the appellant, and is based

largely upon the action of the trial court in permitting the name of Buriff to be indorsed upon the information. In this affidavit of Allen he states that he did not procure any witnesses "who would give evidence tending to contradict or impeach her testimony, and to prove that the said Melissa Buriff had made statements out of court contrary to those made by her at the preliminary examination in said case;" and that if he had known that Melissa Buriff was to be permitted to testify as a witness, that he could have procured such evidence and would have had witnesses here in court at this time for the purpose of giving such evidence; "that all the persons from whom I expect to procure such evidence reside in the neighborhood of Bear creek, in this county, and are now therein, at a distance of more than ninety miles from the place where this court is being held; that I cannot now give the name or names of any witness or witnesses from whom such testimony could be elicited, for the reason that I have not made any inquiries for such witnesses for the reason that I had the said advice and counsel as aforesaid." These are all the facts stated with reference to witnesses and what they would swear to, and it will be seen that the affidavit did not give the names of any such witnesses or what they would testify to, or that there were in fact witnesses who could be procured, or that their evidence was material to the case or would be of any service or aid to the defendant. This affidavit wholly fails to state any facts upon which the court would have been authorized to continue the case for the term.

A motion for a new trial was made in this case and overruled and the appeal is also from this order. No showing was made on the motion by the appellant with reference to having discovered any witnesses since the trial or that the appellant knew of any witnesses who would controvert or disprove the testimony of the witness Buriff.

In conclusion, we want to say that the trial court should at all times be careful to require a strong showing when application is made for the indorsement of a name upon the information, and prosecuting officers should be careful and

particular about such indorsements, and place upon the information the names of all witnesses known to them at the time the information is filed, and the names of witnesses unknown to them at that time and afterward discovered as material witnesses, as soon as such discovery is made. And if the facts shown are such as to show that the defendant will in any way be prejudiced by trial at the time fixed, the court should give the defendant time and opportunity to secure such witnesses as he may show to be necessary and material in the case.

The judgment is *affirmed.*

Sullivan, J., concurs; Ailshie, J., did not sit at the hearing.