THE STATE, DEFENDANT IN ERROR, v. MAX SANDT AND FREDERICK TIETJEN, PLAINTIFFS IN ERROR.

Submitted July 1, 1920—Decided November 3, 1920.

1. In a criminal case the court instructed the jury: "If, after a consideration of all the testimony, you are satisfied that the men are not guilty beyond a reasonable doubt, you should acquit them, but if you have no such reasonable doubt, you ought to convict them." *Held*, that this was error because it put on the defendants the burden of showing that they were not guilty beyond a reasonable doubt, while by law they are to be assumed innocent, and that assumption continues until overcome by the establishment of their guilt beyond a reasonable doubt.
2. The court was requested by the defendants to charge that one of the witnesses on behalf of the state having admitted that he had been convicted of a crime the jury was entitled to take this into consideration when they were passing upon the credibility of his testimony. This the court refused except as it had charged, when in fact no reference was made to the matter in the charge. The defendants were entitled to have this request granted, and its refusal was an error prejudicial to the defendants.

On appeal from the Hudson County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the plaintiffs in error, *Robert V. Kinkead.*

For the defendant in error, *Pierre P. Garven.*

The opinion of the court was delivered by

BERGEN, J. The defendants were convicted in the Hudson Quarter Sessions on an indictment charging them with keeping a disorderly house. Two grounds of reversal are argued. The first of which challenges the legal correctness of an instruction given by the court on the question of reasonable doubt. The instruction was: "If these men are convicted they must be convicted on testimony which leaves in your minds no reasonable doubt of their guilt. If, after a consideration of all the testimony, you are satisfied that the men are not guilty beyond a reasonable doubt, you should acquit them; but if you have no such reasonable doubt you ought to convict them." The court first charged that if the defendants were convicted it must be upon testimony which left in the minds of the jury no reasonable doubt of their guilt. This was correct, and if the court had given no further instruction, it could not be successfully challenged, but in the same connection the jury was told, in substance and effect, that they must be satisfied that the men were not guilty, beyond a reasonable doubt, before they could be acquitted. This put on the defendants the burden of showing that they were innocent beyond a reasonable doubt when by law they are to be assumed innocent until the state overcomes that presumption and establishes the guilt of the defendants beyond a reasonable doubt. The last clause quoted, "but if you have no such reasonable doubt you ought to convict them," is open to the construction, and, perhaps, reasonably so, as referring to a doubt of innocence and not of their guilt. It is so ambiguous that it manifestly tended to mislead the jury. That other parts of the charge on this subject was correct does not cure the trouble, for a jury is not required to determine what part

of a contradictory charge is correct. The part of the charge objected to is unsound in law and prejudicial to the defendants.

The other ground urged for reversal is the refusal of the court to charge the request of the defendant as follows: "One of the witnesses of the state admitted that he had been convicted of crime and the jury is entitled to take this fact into consideration when they are passing upon the credibility of this witness' testimony." The court refused to charge this otherwise than it had charged, and we do not find any reference to the matter in the charge itself. One of the state's witnesses admitted that he had been convicted of the crime of embezzlement in 1917. His testimony, if believed, went far to justify the conviction. Our Evidence act permits a man who has been convicted of a crime to be a witness, but allows that fact to be shown on his cross-examination for the purpose of affecting his credibility. This being so, we think the defendant was entitled to have that matter expressly called to the attention of the jury, and the refusal to charge it was error. The two errors above referred to require a reversal of the judgment, and it is so ordered.