WEBER, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 19—February 12, 1924.*

*Criminal law: Evidence: Res gestæ: Exclamations of bystander:
Instruction placing unwarranted burden on defendant.*

1. In a prosecution for manslaughter, arising because of the death of an occupant of an automobile which overturned as a result of a collision with the automobile driven by the defendant, an exclamation made spontaneously and without time for reflection by a witness who was in his automobile about two hundred feet from the place of the collision was admissible as part of the *res gestæ,* the declaration and the happening of the event being almost concurrent, and the rule as to *res gestæ* applying where the exclamation is made by a bystander.  p. 88.

2. An instruction that in seeking to establish his own innocence the defendant has a lawful right to prove and satisfy the jury, if he can, that the culpable negligence which produced the death was not his, but was that of deceased or another person, and, if the evidence satisfies the jury that it was not defendant's negligence, it should find him not guilty even though the jury cannot return a verdict against any other

person, is erroneous, as placing an unwarrantable burden on the accused, and prejudicial, notwithstanding proper instructions as to the burden of proof and reasonable doubt.     p. 89.

3. It was not necessary that the evidence satisfy the jury that it was not the negligence of the defendant which caused the death of the deceased, the evidence offered by defendant being sufficient to warrant an acquittal if it aroused in the minds of the jury a reasonable doubt as to the defendant's guilt.  · p. 89.

ERROR to review a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge.  *Reversed.*

The plaintiff in error, hereinafter called the defendant, was convicted on the 13th day of January, 1923, upon a charge of manslaughter in the fourth degree and sentenced to imprisonment for the term of one year in the state prison at Waupun.   At about 7:20 o'clock in the afternoon of September 24, 1922, Anton Schmirler, driving a Ford sedan, and one Verne Hall, also driving a Ford sedan, were returning from the city of Green Bay.   They were traveling south on trunk line 114, about one and one-half miles south of the village of Sherwood, in the town of Harrison, the Hall car being in the lead.   In the Hall car were the members of Hall's family.   In the Schmirler car was one Mrs. Meggers, the driver Schmirler, his little girl, and Daisy Calkins, a girl sixteen years of age, who sat on the front seat.   The deceased, Mrs. Meggers, sat on the rear seat behind the driver with her child in her lap.  · The defendant was driving northerly in a Nash roadster, accompanied by one Mrs. Ethel McClean, going from Hilbert to Sherwood.   The Hall and Schmirler cars were traveling down an incline, upon an improved gravel road, which was 17.4 feet wide between the grass lines, and on the westerly side, at a distance of 4.2 feet from the improved part, was a dirt curbing about eight inches high. The Hall car met and safely passed the car driven by the defendant.   The Schmirler car in some way collided with the Weber car, ran a few feet, and

turned over to the west on its side. Mrs. Meggers was thrown against the westerly side of the Schmirler car, breaking the window, so permitting her head to project beyond the car, where it was caught between the upper part of the car and the ground, resulting in her almost instant death. After the accident the Schmirler car was parallel with the highway. The Weber car continued for a short distance. Mrs. McClean got out while it was still moving and *Weber* permitted it to run to the westerly side of the road, where it came to rest with the front wheels upon or near the curbing. When the Schmirler car was tipped back, the left or easterly wheels were in or close to the grass line. The distance between the two cars after they came to rest was forty-four feet and nine inches. After the contact each car traveled approximately twenty to twenty-five feet.

*L. P. Fox* of Chilton, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Helmuth F. Arps,* special district attorney of Manitowoc county; and the cause was argued orally by *Robert M. Rieser,* deputy attorney general, and *Mr. Arps.*

ROSENBERRY, J. The question at issue in this case is whether or not the defendant, *Weber,* negligently drove his car to the westerly side of the center of the highway in violation of the statute, so causing the accident. Inasmuch as there must be a new trial, we shall withhold comment upon the evidence; suffice it to say that there is evidence sufficient to take the case to the jury.

At or about the time the Hall car met the Weber car, Hall exclaimed to his wife and his mother-in-law, who were in his car, "My God, he will hit Tony, sure," Tony being Mr. Schmirler, the driver of the car which overturned. Hall was permitted to testify to this, as was Mary Calkins, his mother-in-law, and his wife, Mrs. Pearl Hall. The admission of this testimony is assigned as error and *Shiefel v.*

*State,* 180 Wis. 186, 192 N. W. 386, is cited in support of this contention.

Wisconsin has a very liberal rule in regard to the admission of spontaneous exclamations made by actors and bystanders under such circumstances as to make them a part of the *res gestæ,* and we are not disposed to restrict it. The *Shiefel Case* is not in point. There the exclamation was made after the witness had traveled something like half a mile with ample time for reflection. Its utterance was not so closely connected with the assault as to make it a part of the transaction. In this case the exclamation was spontaneous, without opportunity for reflection and within three or four seconds of the happening of the accident. While the declarant was removed in distance some two or three hundred feet, in time the occurrences were almost concurrent. We think within the rule the evidence was clearly admissible. *Reed v. Madison,* 85 Wis. 667, 56 N. W. 182; 2 Jones, Evidence, §§ 346, 347.

The rule applies where the exclamation is by a bystander. 3 Wigmore, Evidence (2d ed.) § 1755, and cases cited.

An instruction given by the court is assigned as error by the defendant. The circumstances were such as to make the inference that the driver of one of the cars was negligent almost irresistible. There was no confusion. The lights upon both cars were lighted. The highway was unobstructed, with a broad smooth surface, and there is nothing but the fact of negligent driving to account for the accident. It is the claim of the State that the defendant was driving on the wrong side of the center of the highway, while it is the claim of the defendant that Schmirler was driving at an excessive rate of speed. In that situation the court instructed the jury as follows:

"The defense is seeking to show here that the death was due to negligence on the part of Anton Schmirler, in whose car Mrs. Meggers was riding, and that it was not due to negligence of this defendant. The issue which you are to

try here is the guilt or innocence of this defendant, and not, directly at least, the guilt or innocence of Mr. Schmirler, that is to say, Schmirler is not on trial here. *But in seeking to establish his own innocence, this defendant has a lawful right to prove and to satisfy you if he can do so, that the culpable negligence which produced the death was not his culpable negligence, but was the negligence of Mr. Schmirler or any other person. If the evidence satisfies you that such was the fact, that is, that it was not his negligence, you should then find the defendant not guilty, notwithstanding that you cannot in this action return a verdict of guilty against any other person."*

That part of the instruction which is italicised is clearly erroneous.

The court also gave proper instructions in regard to the burden of proof and as to reasonable doubt, and it is contended that taken together the instruction, which is admittedly erroneous, cannot be considered prejudicial. There was a clear conflict in the evidence, and the case is one not free from doubt. The instruction of the court to the effect that the jury might acquit the defendant if the evidence satisfied it that it was not his negligence, places an unwarrantable burden upon the defendant. The evidence offered by the defendant was sufficient to warrant an acquittal if it aroused in the minds of the jury reasonable doubt as to the guilt of the defendant, and it was not necessary that it should satisfy it that it was not his negligence which caused the death of Mrs. Meggers. It is therefore considered that the giving of this instruction was prejudicial to the defendant and that the judgment of the circuit court must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, and cause remanded for a new trial.