STATE, Respondent, v. JAMES PASTA, Appellant.

[258 Pac. 1075.]

CRIMINAL LAW—STATUTES—LAWS OF ROAD—ADDITION OF PENALTY FOR VIOLATION, EFFECT—HIGHWAYS—VIEW OF ROAD, OBSTRUCTION—EVIDENCE OF EXCESSIVE SPEED, EFFECT—NO ERROR IN REFUSAL OF REQUESTED INSTRUCTION—SENTENCE OF BOTH FINE AND IMPRISONMENT, HELD ERROR.

1. Addition by Laws 1923, chap. 39, to Laws 1921, chap. 249, which declared laws of the road, of provisions for penalties for violations of such latter act, *held* sufficiently germane to subject matter expressed in title of original act as to have been originally included therein and not prohibited by Const., art. 3, sec. 16, requiring that act shall contain but one subject and matters properly connected therewith and subject shall be expressed in title.

2. Addition by Laws 1923, chap. 39, to Laws 1921, chap. 249, of penalty for violations of provisions of such latter act, *held* not to so change, alter and amend every provision of the act

that it would be necessary under Const., art. 3, sec. 18, to set forth entire act as amended, in that the 1923 act is supplementary and is complete as to its purpose and does not alter or change a word of former act.

3. In prosecution under Laws 1921, chap. 249, sec. 1, subsec. 13, providing that no vehicle shall overtake and pass any other vehicle when view ahead is not clear for 100 yards, admitting evidence that defendant was traveling at excessive speed, for purpose of explaining circumstances of crime charged, *held* not to have resulted in prejudice, in view of court's instruction thereon.

4. Evidence in prosecution under Laws 1921, chap. 249, sec. 1, subsec. 13, providing that no vehicle shall overtake and pass any other vehicle when view ahead is not clear for 100 yards, *held* sufficient to sustain conviction.

5. Refusal of requested instruction, which was substantially covered by and included in instruction given by court, *held* not to constitute error.

6. Sentence of both fine and imprisonment for conviction of violation of Laws 1921, chap. 249, sec. 1, subsec. 13, providing that no vehicle shall overtake and pass any other when view ahead is not clear, *held* error, in that law provides violator shall be punished by fine or imprisonment.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Judgment of conviction of violation of section 13, chap. 249, 1921 Sess. Laws. Judgment of conviction *affirmed.* Sentence ordered modified.

**Publisher's Note.**

1. Sufficiency of title of statute, see note in 64 **Am. St. 70.** See, also, 25 **R. C. L.** 847 et seq.

2. Sufficiency of title of statute amending several sections of prior law, see note in 55 **L. R. A.** 842.

5. See 14 **R. C. L.** 751.

See Criminal Law, 16 **C. J.**, sec. 2506, p. 1063, n. 85; sec. 3208, p. 1362, n. 5; 17 **C. J.**, sec. 3670, p. 328, n. 6.

Highways, 29 **C. J.**, sec. 438, p. 670, n. 59.

Statutes, 36 **Cyc.**, p. 1031, n. 32, p. 1032, n. 36, p. 1038, n. 70, p. 1063, n. 79, p. 1064, n. 80, 81, 82, 83.

C. M. Jeffery, for Appellant.

Chapter 249, Session Laws 1921, repealed sec. 1614, C. S., and did not amend said section. (1921 Sess. Laws, p. 539, chap. 249, sec. 1, subds. 13, 16.)

Chapter 39, Session Laws 1923, added a new section to chapter 249, Session Laws 1921, making it a misdemeanor to violate any of the provisions of chap. 249, Session Laws 1921.

C. S., sec. 1619 provided for a penalty for any violation of sec. 1614, C. S. Session Laws 1923, chap. 39, did not repeal by specific reference sec. 1619, C. S.

A statute or act may be amended by amending a section or sections thereof, in which event the section or sections amended must be set forth and published at full length, or a statute or act may be amended by adding a new section, provided the subject matter be germane and relates to the subject matter embraced in the title of the act proposed to be amended; but a section of a statute or an act cannot be amended by the addition of a new section, but the section amended must be set forth at full length. (Const., art. 3, sec. 18; *State v. Jones,* 9 Ida. 693, 75 Pac. 819; *Noble v. Bragaw,* 12 Ida. 265, 85 Pac. 903; *Settlers Irr. Dist. v. Settlers Canal Co.,* 14 Ida. 504, 94 Pac. 829; *Hailey v. State Historical Soc.,* 25 Ida. 165, 136 Pac. 212; *Gilbert v. Moody,* 3 Ida. 3, 25 Pac. 1092; *State v. Beddo,* 22 Utah, 432, 63 Pac. 96; *Copland v. Pirie,* 26 Wash. 481, 90 Am. St. 769, 67 Pac. 227; *State v. Wright,* 14 Or. 365, 12 Pac. 708; *Town of Gaston v. Thompson,* 89 Or. 412, 174 Pac. 717; *Brown v. City of Silverton,* 97 Or. 441, 190 Pac. 971; *Haring v. State,* 51 N. J. L. 386, 17 Atl. 1079; *People v. Mahaney,* 13 Mich. 481; *Bush v. Indianapolis,* 120 Ind. 476, 2 N. E. 422.)

There is a distinction between the amendment of an act or existing law and the adoption of another law. The amendment alters or modifies the existing law, whereas the adoption of another law does not alter or modify the existing law, or law adopted, but merely incorporates the existing law into the new act and re-enacts the new act together

44 Idaho—43

with the incorporated law. (25 R. C. L. 904, sec. 156, and p. 907, sec. 160.)

"It is not enough that the act embraces but a single subject and all parts are germane, but the title must express the subjects comprehensively enough to include all the provisions in the body of the act." (Sutherland on Stat. Construction, sec. 89.)

Speed at another point on the road not admissible. (Huddy on Automobiles, sec. 929; *Armann v. Caswell*, 30 N. D. 406, 152 N. W. 813; *Grand v. Kasviner*, 26 Cal. App. 530, 153 Pac. 243.)

"It is the duty of the prosecuting attorney to see that the defendant has a fair trial, and nothing but competent evidence is submitted to the jury, and above all things he should guard against anything that would prejudice the minds of the jury." (*State v. Irwin*, 9 Ida. 35, 71 Pac. 608, 60 L. R. A. 716.)

"Where a verdict is manifestly against the overwhelming weight of the evidence, so as to suggest that it was rendered through bias, prejudice or passion, and that injustice has been done thereby, the verdict must be set aside." (*Goldstone v. Rustemeyer*, 21 Ida. 703, 123 Pac. 635.)

Frank L. Stephan, Attorney General, and John W. Cramer and Leon M. Fisk, Assistant Attorneys General, for Respondent.

Chapter 249, Laws of 1921, is a complete code on the subject designated as "The Laws of the Road." (Chap. 249, Laws 1921.)

A complete code of law on one particular subject may be embodied in one statute. (*Pioneer Irr. Dist. v. Bradley*, 8 Ida. 310, 68 Pac. 295.)

The title of chap. 249, Laws of 1921, was broad enough to cover all sections or subdivisions included therein. (*Pioneer Irr. Dist. v. Bradley, supra; State v. Pioneer Nurseries Co.*, 26 Ida. 332, 143 Pac. 405; *In re Crane*, 27 Ida. 671, 151 Pac. 1006, L. R. A. 1918A, 942; *Jackson v. Gallet*, 39 Ida. 382, 228 Pac. 1068.)

The title of chap. 249, Laws of 1921, was broad enough to include the subject matter contained in the new section added by chap. 39, Laws of 1923. (36 Cyc. 1032; *In re Terrett,* 34 Mont. 325, 86 Pac. 266; Sutherland's Stat. Const., 2d ed., sec. 137.)

The courts will construe the chapter in accordance with the intention of the legislature if possible to do so. (*Wood v. Independent School Dist.,* 21 Ida. 734, 124 Pac. 780; *Empire Copper Co. v. Henderson,* 15 Ida. 635, 99 Pac. 127; *Weaver v. Rambow,* 37 Ida. 645, 217 Pac. 610; *State v. Bowman,* 40 Ida. 470, 235 Pac. 577.)

Penal statutes should not be so construed as to defeat the obvious intention of the legislature. (Sutherland's Stat. Const., sec. 328.)

It rests in the discretion of the trial judge as to whether or not the evidence of another offense has such a connection as to warrant its introduction in the proving of the offense charged. (*State v. Lancaster,* 10 Ida. 410, 78 Pac. 1081; 23 Am. & Eng. Ency. of Law, 2d ed., p. 248.)

Evidence of excessive speed was admissible where the defendant was protected by the court's instruction. (*State v. Lancaster, supra; State v. Bubis,* 39 Ida. 376, 227 Pac. 384; *Jaynes v. People,* 44 Colo. 535, 16 Ann. Cas. 787, 99 Pac. 325; *People v. Glass,* 158 Cal. 650, 112 Pac. 281; 16 C. J. 856; *People v. Ebanks,* 117 Cal. 652, 49 Pac. 1049, 40 L. R. A. 269.)

Erroneous statements may be explained to the jury. (*State v. Rooke,* 10 Ida. 388, 79 Pac. 82.)

Appellant's instruction number 2 was properly refused for the reason that it is argumentative. (*State v. Jones,* 28 Ida. 428, 154 Pac. 378; *State v. Cosler,* 39 Ida. 519, 228 Pac. 277; *People v. Hatch,* 163 Cal. 368, 125 Pac. 907.)

Where the penalty is excessive of the requirements of the law this court may modify the same to comply with such requirements. (C. S., sec. 9066; *State v. Ramirez,* 34 Ida. 623, 29 A. L. R. 297, 203 Pac. 279.)

WM. E. LEE, C. J.—While traveling on the highway between Pocatello and Blackfoot, appellant, in attempting to pass a car going in the same direction, collided with the car he was attempting to pass, as well as with another car approaching from the opposite direction. Considerable injury resulted to the three cars and to their occupants. Appellant was convicted of a violation of that portion of sec. 13, chap. 249, 1921 Session Laws, which reads—

" . . . . and no vehicle shall overtake and pass any other vehicle when the view ahead is not clear for at least one hundred yards."

He was sentenced to pay a fine and to serve a term of imprisonment. The appeal is from the judgment.

C. S., sec. 1614, a part of chap. 69, title 11, Compiled Statutes, contained twenty-five paragraphs relating to rules to be observed by the drivers of vehicles on roads and highways, and was entitled "Laws of the road." C. S., sec. 1619, made the violations of any of the provisions of chap. 69 a misdemeanor. The legislature, in 1921, repealed C. S., sec. 1614, and enacted chap. 249, "Declaring laws of the road." No penalty was provided in the 1921 act. In 1923, the legislature passed an "Act adding a new section to Chapter 249, 1921 Session Laws . . . . relating to the Laws of the road . . . . providing penalties for the violations of the provisions of said Chapter 249."

It is the position of appellant, in the first place, that the penalty provision in the 1923 act is not sufficiently germane to the subject matter of the 1921 act, as expressed in its title, to comply with the constitutional requirement (sec. 16, art. 3) that an act shall contain but one subject and matters properly connected therewith, which subject shall be expressed in the title. The object of the title of an act is to give a general statement of the subject matter contained therein, and the act must not be so construed as to extend its effect beyond the limits fixed in the title. The title, however, must of necessity be brief; and a general statement will be held to be sufficient to include all the provisions hav-

ing a reasonable connection with the subject matter mentioned in the title and which have a reasonable tendency to accomplish the purpose of the act. (*In re Crane,* 27 Ida. 671, 151 Pac. 1006.) The title of an act regulating the conduct of persons naturally infers a penalty for its violations and it is not necessary to mention the penalty in the title. (36 Cyc. 1032.)

"An act to regulate any specified business, or the use of property, or regulating human conduct in any way, or to prohibit acts or things, or to protect persons or property or public or private rights, may include penal provisions, or provisions imposing a civil liability or giving a civil remedy, without such penalties, liabilities or remedies being referred to in the title." (1 Lewis' Sutherland, Statutory Construction, sec. 136, p. 230.)

[1] Since the penalty provision is sufficiently germane to the subject matter expressed in the title of the original act as to have been originally included therein, its subsequent addition is not prohibited by the constitution.

In the case of *In re Terrett,* 34 Mont. 325, 86 Pac. 266, the court said:

"The provisions of the amendatory act are germane to the subject treated in the original act and under the title of the amendatory act, any alteration by excision, addition, or subtraction might have been made, and any provision inserted which might have been incorporated in the original act under its title. 1 Lewis' Sutherland, Stat. Constr., § 137."

[2] Appellant also contends that the 1923 act so changes, alters and amends every provision of the 1921 act that, in compliance with sec. 18, art. 3 of the constitution, it was necessary to set forth the entire act as amended. The foregoing section of the constitution forbids the amendment of an act by mere reference to its title, but it does not prohibit the addition of a new section to an existing law by reference to the title of the original act where each act is complete as to its purpose, if the latter act is germane and relates to the subject matter indicated in the title of the

original act. (*Settlers' Irr. Dist. v. Settlers' Canal Co.,* 14
Ida. 504, 94 Pac. 829.)

The rule is laid down in 36 Cyc. 1062–1064, sec. 2b, as
follows:

"The clause was not intended to abolish the doctrine of
amendment or repeal by implication, or to forbid the enact-
ment of supplemental laws; and thus a statute which, while
it may relate to other statutes or matters contained therein,
does not in fact amend them is not within the constitutional
prohibition, and simply because a statute, which adds to or
is properly described as a supplement to another act, by
construction is incidentally amendatory thereof, it does not
violate the clause of the constitution, particularly where
each act is complete as to its purpose; . . . . " (1 Suther-
land, Stat. Constr., 433; *Edwards v. Denver & R. G. R. R.
Co.,* 13 Colo. 59, 21 Pac. 1011; *City of Beatrice v. Masslich,*
108 Fed. 743; *Brown v. City of Silverton,* 97 Or. 441, 190
Pac. 971; *Copland v. Pirie,* 26 Wash. 481, 90 Am. St. 769,
67 Pac. 227.)

The 1923 act is supplementary; it is complete as to its
purpose and does not alter or change as much as a word
of the former act. As hereinbefore stated, the 1923 act is
germane to the prior act, the title of which is broad enough
to have included the latter act, had it originally been em-
braced therein.

[3] Appellant complains that the court allowed wit-
nesses for the state to testify to appellant's traveling at an
excessive rate of speed. An examination of the transcript dis-
closes that the trial court uniformly sustained appellant's ob-
jections to such proffered evidence, except that he permitted
the driver of one of the cars, with which appellant collided, to
testify that immediately prior to the collision he saw appel-
lant "whip out behind" the car he is charged with having
passed (and which he injured) "apparently about like I
would be going if I would have been going fifty or sixty
miles." While appellant was not charged with traveling at
an excessive rate of speed, the evidence tended to explain
the circumstances of the crime charged and the resulting

collision. The court instructed the jury "that any evidence that may have been received or admitted as to the speed of the respective car . . . . has no bearing whatsoever upon the issues of this case, and are not to be considered by you in arriving at your verdict." It is not apparent that prejudice resulted from the admission of the evidence complained of. (*State v. Rooke*, 10 Ida. 388, 79 Pac. 82.)

[4] The next assignment is directed to the insufficiency of the evidence to sustain the verdict. The force of the argument in this respect is directed to the fact that the 1921 act requires that the view of the road at the time of overtaking and passing must be clear for a hundred yards but does not mention the necessity of the road itself being clear for the same distance, and it is contended that the evidence is conclusive that the view of the road was clear for at least half a mile. A reasonable interpretation of the language of the act can lead only to the conclusion that, included within its import, is the prohibition of one vehicle passing another, going in the same direction, if a third vehicle is approaching within one hundred yards. With another vehicle approaching, the view of the road could not be clear. There is an abundance of evidence in the record showing that, at the time of overtaking and passing the vehicle, as charged in the complaint, clear vision of the road was impossible because the other vehicle with which appellant collided had approached within a distance of a hundred yards. The evidence is amply sufficient to sustain the verdict.

[5] The court did not err in refusing to give appellant's requested instruction No. 2. We refrain from determining whether the requested instruction, or the instruction given by the court, on the same subject, correctly stated the law. It is sufficient to say that the requested instruction was substantially covered by and included in an instruction which the court gave. (*State v. Nolan*, 31 Ida. 71, 169 Pac. 295; *State v. Cosler*, 39 Ida. 519, 228 Pac. 277; *State v. Hoagland*, 39 Ida. 405, 228 Pac. 514; *State v. Jurko*, 42 Ida. 319, 245 Pac. 685; *State v. George, ante*, p. 173, 258 Pac. 551.)

[6] The court erred in sentencing appellant to both fine and imprisonment. The law provides that a violator of the 1921 act shall be punished "by a fine . . . . or imprisoned . . . ." The case is, therefore, remanded to the lower court, with instructions to resentence appellant in accordance with the law. With this modification, the judgment is affirmed.

Budge, Givens and T. Bailey Lee, JJ., concur.

TAYLOR, J., Dissenting.—I dissent from a holding that the view ahead was not clear, in the intent of the statute, by reason of an approaching vehicle being within a view otherwise clear ahead for a distance of one hundred yards. I think the statute contemplated and applies to "either natural objects, fog, dust, or other like conditions, and not to moving cars on the highway," as said in *Sullivan v. Lutz* (Wis.), 194 N. W. 25.

Petition for rehearing denied.