(No. 5047.   September 12, 1928.)

STATE, Respondent, v. FRED STEWART, Appellant.

[270 Pac. 140.]

648

Lynn W. Culp, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

WM. E. LEE, C. J.—Fred Stewart was convicted of "giving and furnishing intoxicating liquor to a minor," in violation of chap. 171, 1925 Sess. Laws, and appeals from the judgment, as well as from an order denying a motion in arrest of judgment and an order denying a motion for new trial.

Chap. 171, 1925 Sess. Laws, reads as follows:

"Be it enacted by the legislature of the state of Idaho:

"Section 1. A new section is hereby enacted and added to Article 2, of Chapter 125 of the Idaho Compiled Statutes, to be designated as Section 2621–A and to read as follows:

"Section 2621–A. Any person who sells, gives or furnishes or causes to be sold, given or furnished, intoxicating liquor to any minor is guilty of a felony."

It is urged that C. S., sec. 2621–A, is added to and made a part of C. S., sec. 2621; that the title to section 2621 does not embrace the subject expressed in section 2621–A; and that the latter enactment is void in that the subject thereof is not embraced in the title of section 2621. (Const., art. 3, sec. 16.) This argument is fallacious. By chapter 171, 1925 Sess. Laws, it was not intended to add a new section to C. S., sec. 2621, but, as stated in its title, "a new section is hereby enacted and added to article 2 of chapter 125 of the Idaho Compiled Statutes. . . . . " The

fact that the section is designated section 2621–A does not justify an inference that it was intended to be a part of section 2621. Section 2621–A is a new section of article 2, chapter 125, and is complete in itself. The title of article 2, chapter 125, enacted as chapter 11, 1915 Sess. Laws, is amply sufficient to embrace within its purview the subject matter of section 2621–A. (*State v. Pasta,* 44 Ida. 671, 258 Pac. 1075.)

Appellant was properly sentenced under the provisions of C. S., sec. 8085. (*State v. Payton,* 45 Ida. 668, 264 Pac. 875.)

Some thirty-three days after filing the information, and approximately two weeks prior to the trial, over objection, the prosecuting attorney had the name of one Conrad Smick indorsed as a witness on the information. It is contended that the showing made by the prosecuting attorney in support of the motion was entirely insufficient. C. S., sec. 8810, provides, *inter alia,* that the prosecuting attorney shall indorse on the information the names of the witnesses known to him at the time it is filed; and at such time before trial as the court may rule or prescribe he shall indorse the names of other witnesses as shall then be known to him. This court has held that the purpose of these provisions is to inform the defendant of the names of the witnesses who are to testify against him, so that he may have an opportunity to meet and controvert their evidence. (*State v. Allen,* 20 Ida. 263, 272, 117 Pac. 849.) Appellant makes no complaint that he was surprised, or that he did not have ample time to prepare for trial. It not appearing that appellant was in anywise prejudiced, it is unnecessary to determine the sufficiency of the showing. (*State v. Allen, supra; State v. Steen,* 29 Ida. 337, 158 Pac. 499; *State v. Nolan,* 31 Ida. 71, 169 Pac. 295.)

Complaint is made of the following instruction:

"The court instructs the jury that if from the evidence, beyond a reasonable doubt, you find that the defendant did not give the alleged intoxicating liquor to the minor

mentioned, but that said minor took said bottle containing such liquor from the hand, or hands, of the defendant, without the consent of the defendant, and without any intention of the defendant that she should do so, then you should acquit the defendant."

The instruction deprives the defendant of the presumption of innocence and imposes on him the burden of establishing, beyond a reasonable doubt, that he did not commit the crime charged against him. That is not the law. (C. S., sec. 8944.) The attorney general admits that the instruction is erroneous, but takes the position that, when the instructions are considered as a whole, no prejudice is shown. The fallacy of his position lies in the fact that the instruction complained of is in conflict with those which are said to render it harmless. It is frequently the case that an instruction which is inaccurate or incomplete may be cured by a correct statement of the law in another instruction, but an instruction which places on the defendant the burden of establishing his innocence is not cured by an instruction which states the rule correctly. Contradictory instructions tend to confuse and mislead a jury; and, in this case, it is not possible to determine that the jury did not follow the erroneous instruction. How, therefore, can it be said that appellant was not prejudiced? (*State v. Judd,* 20 Mont. 420, 51 Pac. 1033; *Weber v. State,* 2 Okl. Cr. 329, 101 Pac. 355; *Rea v. State,* 3 Okl. Cr. 269, 105 Pac. 381; *State v. Sandt,* 95 N. J. L. 49, 111 Atl. 651; *Weber v. State,* 183 Wis. 85, 197 N. W. 193. See, also, *State v. Webb,* 6 Ida. 428, 55 Pac. 892; *State v. Bowker,* 40 Ida. 74, 80, 231 Pac. 706.)

It is also urged that the case was so "clear cut" and the evidence so conclusive that the jury could not have been misled by the erroneous instruction. There is authority in this state to the effect that, even though an instruction is erroneous, if the evidence of defendant's guilt is satisfactory, and the result could not have been different had the instruction been omitted, the judgment should not be reversed. (*State v. Marren,* 17 Ida. 766, 107 Pac. 993. See, also,

*State v. Dong Sing*, 35 Ida. 616, 208 Pac. 860; *State v. Cosler*, 39 Ida. 519, 228 Pac. 277.) In none of those cases was the burden of establishing his innocence placed on a defendant. There is a direct conflict in the evidence on the issue to which the erroneous instruction relates and, had it been omitted, the jury might not have been convinced of appellant's guilt beyond a reasonable doubt, even though it was not satisfied of his innocence beyond a reasonable doubt. We are not justified, therefore, in inferring that the jury rejected the evidence on behalf of appellant, or that it could have returned no other verdict.

The judgment is reversed and the cause remanded, with directions to grant a new trial.

Budge, Givens and Taylor, JJ., concur.