**DELANEY v. UNITED STATES.**

**No. 5528.**

Circuit Court of Appeals, Third Circuit.

March 27, 1935.

Rehearing Denied July 5, 1935.

See, also (D. C.) 8 F. Supp. 224.

Minturn & Weinberger and Harry H. Weinberger, all of Newark, N. J., for appellant.

Walter B. Petry, Asst. U. S. Atty., and Harlan Besson, U. S. Atty., both of Trenton, N. J.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of New Jersey. The defendant was charged, convicted, and sentenced upon three indictments, the first of which charged him with willfully failing to file an income tax return for the year 1927 in violation of 26 USCA § 1266, and the other two with willfully attempting to evade and defeat an income tax for the years 1928 and 1929 in violation of 26 USCA § 2146 (b).

The defendant was assistant business agent of a labor union. In 1927, 1928, and 1929 certain steel organizations paid him large sums of money to use his influence to avoid labor trouble. He admitted the receipt of these sums, but testified that he did not include them in his income tax returns because he gave them to one Theodore Brandle, his superior in the labor union. In rebuttal, Brandle denied receiving any money from the defendant. When cross-examined, Brandle admitted that he had pleaded guilty and been sentenced upon an indictment charging him with failure to report and pay an income tax. A plea of guilty under New Jersey law is equivalent to a conviction. Stewart v. Stewart, 93 N. J. Eq. 1, 114 A. 851. The defendant requested the court to instruct the jury that, in determining the credibility of the witness, it take into consideration the fact that he had previously pleaded guilty to the commission of a crime. The court refused this request. Since the defense was that the defendant had paid to Brandle all the money received from the steel organizations, Brandle's contradiction was of the utmost significance in its bearing upon the question whether the money received was income to the defendant. In New Jersey the refusal of a trial court to charge upon the effect of a prior conviction on the credibility of a witness is reversible error. State v. Mussikee, 101 N. J. Law, 268, 128 A. 591; State v. Sandt, 95 N. J. Law, 49, 111 A. 651. In an appeal from the District Court of New Jersey, we held that, in the absence of a rule of law in the federal courts of this circuit, a rule of the New Jersey courts controls. Mansbach v. United States (C. C. A.) 11 F.(2d) 221, 224. We apply this rule to the instant case, and conclude that the refusal of the court to charge as requested was reversible error.

We think there is further ground for reversal. A witness for the government testified that he had made payments to the defendant, but that he could not recall the amounts. Over objection by the defendant, the witness was allowed to use photostatic copies of records which had not been made by him or under his direction. It is apparent that what the witness did was to testify directly from the photostatic copies of records made by another, and not from his recollection, refreshed by the memoranda. This, we think, was reversible error. While a witness may use memoranda made by another to refresh his memory so as to enable him to testify from his own recollection, he may not testify directly from those memoranda. This distinction has been clearly drawn in Jewett v. United States (C. C. A.) 15 F.(2d) 955, and differentiates the instant case from Goodfriend v. United States (C. C. A.) 294 F. 148, relied upon by the government. In our opinion, the court

erred in overruling the defendant's objection to this testimony.

The judgment of the court below is reversed, with a venire de novo.