136 P.3d 905

Arthur B. STEELE, Plaintiff–Appellant,

v.

KOOTENAI MEDICAL CENTER,
Defendant–Respondent,

and

John T. Giesen, M.D.; John Pike, M.D.;
Barry Bergen, M.D.; Scott Magnuson,
M.D.; Mary Barr, M.D; Christopher Bil-
lingslea, D.O.; A.E. Michalson, M.D.;
Peter Semagos M.D.; and North Idaho
Imaging Center, Defendants.

No. 31010.

Supreme Court of Idaho,
Coeur d'Alene, April 2006 Term.

April 21, 2006.

Eymann Allison Fennessy Hunter, Spo-
kane, Washington, for appellant. Timothy B.
Fennessy argued.

Paine, Hamblen, Coffin, Brooke & Miller,
Coeur d'Alene, for respondent. Patrick E.
Miller argued.

920

EISMANN, Justice.

This is an appeal from the dismissal of a claim against a governmental entity on the ground that the claimant failed to give timely notice of tort claim. Because the claimant died while this appeal was pending, there is also the issue of whether this appeal should be dismissed. We hold that the district court erred in dismissing the claim and therefore decline to dismiss the appeal. We vacate the judgment and remand this case to give the claimant's estate an opportunity to amend the complaint to allege a claim for wrongful death, if it so desires.

## I. FACTS AND PROCEDURAL HISTORY

On January 30, 2000, Arthur Steele was injured in a single vehicle rollover, during which he was ejected from the vehicle. He was transported by ambulance to the Kootenai Medical Center (Medical Center), where he was admitted for treatment of his injuries. He was diagnosed with various lacerations, contusions, soft tissue trauma, and a fracture of his upper right arm bone. A CT scan on the day of his admission also revealed a possible fracture at the T–1 level of his spine.

On February 8, Steele was transferred from his hospital bed to a chair. Within minutes, he felt greater pain, lost function in his arms and legs, and had numbness in parts of his extremities. An MRI done two days later revealed a displaced fracture at the T–1 level of his spine. Steele later testified that he "virtually died" during the MRI. Surgery done the same day failed to alleviate his symptoms, and he became a quadriplegic.

On February 21, Steele was discharged from the Medical Center and transferred to a hospital in Spokane, Washington. On May 2, he was transferred to a Veteran's Administration hospital in Seattle, where he underwent therapy for about six months.

Because the Medical Center was owned by the Kootenai Hospital District, on November 14, 2000, Steele sent a letter to the Medical Center for the purpose of complying with the notice-of-claim requirements of the Idaho Tort Claims Act. The Medical Center received the letter on November 16, 2000.

On May 17, 2002, Steele filed this lawsuit against the Medical Center and others seeking to recover damages for medical negligence. The Medical Center moved for summary judgment, contending that Steele had failed to give it notice of his tort claim within the time period provided by Idaho Code § 6–906. The district court agreed, and dismissed Steele's complaint as to the Medical Center. After it certified the partial judgment as final, Steele timely appealed. He later died while this appeal was pending, and the Medical Center moved to dismiss the appeal.

## II. ISSUES ON APPEAL

A. Does the death of Steele require that this appeal be dismissed?

B. Did the district court err in holding that Steele's claim against the Medical Center must be dismissed because his notice of tort clam was untimely?

## III. ANALYSIS

### A. Does the Death of Steele Require that this Appeal Be Dismissed?

Steele died in July 2005 while this appeal was pending. The Medical Center then moved to dismiss this appeal, arguing that Steele's cause of action abated with his death. Idaho Code § 5–319 provides, "An action or proceeding does not abate by the death ... of a party ... if the cause of action or proceeding survive or continue." The legislature has adopted the common law of England as the rule of decision unless otherwise provided for. I.C. § 73–116. Under the common law, a cause of action for personal injuries ceased to exist upon the death of the person injured. *Doggett v. Boiler Engineering & Supply Co.*, 93 Idaho 888, 477 P.2d 511 (1970). We have held, however, that the common-law rule was impliedly modified by Idaho Code § 32–906, which created a co-equal interest in both spouses to community property. When the injured spouse dies, his or her claim survives to the extent that the surviving spouse is entitled to recover damages for depletion of community assets, reduction of the ability of the community to

earn income, and costs and expenses chargeable against community property arising from the injury to the deceased spouse prior to his or her death. *Id.; Evans v. Twin Falls County,* 118 Idaho 210, 796 P.2d 87 (1990). In this case, Steele did not leave a surviving spouse. Therefore, his cause of action alleged in this case abated upon his death in July 2005.

■ Although his cause of action has abated, we decline to dismiss his appeal. If the district court's basis for dismissing this action as to the Medical Center was valid, we would dismiss the appeal. If the district court erred, however, dismissing the appeal would deprive the personal representative of Steele's estate of the opportunity to amend the complaint to allege a claim for wrongful death. *See, Hayward v. Valley Vista Care Corp.,* 136 Idaho 342, 33 P.3d 816 (2001). Counsel for the estate indicated during oral argument that he may wish to do so, and therefore the personal representative should be given that option without requiring the filing of a new lawsuit. Because the district court did err, we decline to dismiss the appeal.

**B. Did the District Court Err in Holding that Steele's Claim Against the Medical Center Must be Dismissed Because His Notice of Tort Claim Was Untimely?**

Kootenai Hospital District, the owner of the Medical Center, is a political subdivision of the state of Idaho. Therefore, Steele was required to provide it with a written notice of tort claim "within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever was later." I.C. § 6–906.

■ Steele testified in his deposition that on February 10, 2000, he believed someone had done something wrong with respect to his medical care. He certainly had reason to believe that his attending physicians may have been negligent. He contended, however, that he could not reasonably have discovered that the Medical Center's nurses may have done something wrong until late summer of 2000, after his attorneys had obtained his medical records and had an expert review

them for possible negligence on the part of the nursing staff.

The district court found, for the purposes of summary judgment, that Steele's attorneys investigated his claim as quickly as reasonably possible and could not have reasonably discovered specific facts indicating possible negligence on the part of the nurses until late summer 2000. It held, however, that whether Steele could have earlier learned of the nurses' alleged negligence was irrelevant. Relying upon its reading of *Mitchell v. Bingham Memorial Hospital,* 130 Idaho 420, 942 P.2d 544 (1997), the district court held "that if a patient is injured in the course of receiving medical treatment while at a hospital, the patient is held as a matter of law to be on inquiry notice that the hospital may be at fault, even though the facts available to the patient at the time of the injury may indicate that the extent of the hospital's fault is zero."

In the *Bingham Memorial* case, a hospital patient was given an overdose of a medication by an infusion machine operated by a hospital nurse. The overdose resulted in the patient spending three days in the intensive care unit prior to her discharge. The hospital initially told the patient that the overdose was caused by a malfunction or defect in the infusion machine. Two months later, the patient's physician told her the machine had been checked out by the manufacturer and was not defective, and that the overdose was probably caused by a nursing error in operating the machine. The *Bingham Memorial* Court held that under the facts of that case, the time period within which the patient must give the hospital a notice of tort claim began running on the date of the overdose rather than on the date the patient's physician told her the overdose was probably caused by the nurse.

The *Bingham Memorial* Court did not delete from Idaho Code § 6–906 the phrase "or reasonably should have been discovered, whichever was later." Rather, it interpreted the phrase to mean, "The statute does not begin running when a person fully understands the mechanism of the injury and the government's role, but rather when he or she

is aware of such facts to inquire further into the circumstances surrounding the incident." *Mitchell v. Bingham Memorial Hospital,* 130 Idaho 420, 423, 942 P.2d 544, 547 (1997) (quoting from *Mallory v. City of Montpelier,* 126 Idaho 446, 448, 885 P.2d 1162, 1164 (Ct. App.1994)). The Court then held that on the day of the overdose, "[t]he facts available to the [patient] were sufficient to cause a reasonably prudent person to inquire further into the circumstances surrounding the incident." 130 Idaho at 423, 942 P.2d at 547. The patient knew on that day she had received an overdose of medication from an infusion machine operated by a hospital nurse. A reasonable investigation begun at that time would have and did reveal the nurse's alleged negligence well before the expiration of the 180–day period for giving a notice of tort claim. Whether or not a claimant has sufficient knowledge to begin the running of the 180–day period depends upon the facts of the case.

In this case, nobody disclosed to the district court the conduct of the nurses that allegedly constituted negligence. The notice of tort claim that Steele sent to the Medical Center does not identify or describe the alleged negligence. The district court apparently reasoned that the act or omission of the nurses that allegedly constituted negligence was irrelevant, based upon its reading of the *Bingham Memorial* opinion. Idaho Code § 6–902(7) defines a "claim" as a written demand "to recover money damages from a governmental entity or its employee which any person is legally entitled to recover under this act as compensation for the negligent or otherwise wrongful act or omission of a governmental entity or its employee when acting within the course or scope of his employment." The alleged negligence or wrongful act or omission must be identified before the court can determine when the claim reasonably should have been discovered. The district court erred in holding that the issue of when Steele's claim reasonably should have been discovered was irrelevant. We therefore vacate the judgment of the district court and remand this case for further proceedings consistent with this opinion.

## IV. CONCLUSION

The judgment of the district court is vacated, and this case is remanded for further proceedings consistent with this opinion. We do not award costs on appeal.

Chief Justice SCHROEDER and Justices TROUT, BURDICK and JONES concur.