**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35231**

| | |
|---|---|
| LEANN CRAIG, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| STEVEN JOHN GELLINGS, DEVERL | ) |
| WATTENBARGER, BART | ) |
| WATTENBARGER, CAROL | ) |
| WATTENBARGER, AND | ) |
| WATTENBARGER FARMS, | ) |
| | ) |
| Defendants-Respondents. | ) |
| | ) |

**2009 Opinion No. 71**

**Filed: November 4, 2009**

**Stephen W. Kenyon, Clerk**

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

Judgment dismissing personal injury action, <u>affirmed</u>.

Curtis & Browning Law Offices, P.A., Idaho Falls, for appellant. Paul Curtis argued.

Tolman & Brizee, P.C., Twin Falls, for respondents. Jennifer Brizee argued.

_____

LANSING, Chief Judge

This appeal challenges the district court's order dismissing Leann Craig's personal injury action on the ground that her claims abated when Craig died during the pendency of the action. We affirm.

**I.**

**BACKGROUND**

Craig, an unmarried woman, brought a personal injury action against Steven John Gellings, Deverl Wattenbarger, Bart Wattenbarger, Carol Wattenbarger, and Wattenbarger Farms ("Respondents") for damages arising out of an automobile accident. Before the action was concluded, Craig died from causes unrelated to the accident. The personal representative of Craig's estate thereupon moved to be substituted as the plaintiff, and the Respondents moved to

1

dismiss the case, asserting that personal injury actions do not survive an unmarried plaintiff's death.  The district court granted the motion to dismiss and did not address the personal representative's motion.  Craig's attorney appeals, challenging the dismissal of Craig's claims for economic damages.

## II.

## ANALYSIS

**A.    Survival of Personal Injury Claims for Economic Loss**

The question presented to this Court--whether Craig's claims for economic loss caused by personal injuries survive her death--is a question of law over which we exercise free review. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

Idaho has no statutory law governing the survival of a personal injury action after the death of an unmarried plaintiff.  *See Evans v. Twin Falls County*, 118 Idaho 210, 215, 796 P.2d 87, 92 (1990).  In the absence of legislative enactment on a subject, Idaho Code § 73-116 specifies that the common law governs.  It states:

> The common law of England, so far as it is not repugnant to, or inconsistent with, the constitution or laws of the United States, in all cases not provided for in these compiled laws, is the rule of decision in all courts of this state.

It has long been recognized by the Idaho Supreme Court that at common law, a personal injury action abated with the death of either party.  *Stucki v. Loveland*, 94 Idaho 621, 622, 495 P.2d 571, 572 (1972); *Kloepfer v. Forch*, 32 Idaho 415, 418, 184 P. 477, 477-78 (1919).  This common law rule has been modified to some extent, however, by the Idaho Legislature.  First, I.C. § 5-311, authorizes wrongful death actions for heirs or personal representatives when the wrongful act or neglect of another caused the decedent's death.  This statute does not allow a decedent's claims to survive, but creates a new cause of action in favor of heirs or personal representatives.  *Vulk v. Haley*, 112 Idaho 855, 858, 736 P.2d 1309, 1312 (1987).  Second, I.C. § 5-327, expressly abrogates the common law rule that a personal injury action abates upon the death of the *tortfeasor*; it does not alter the rule as it applies to the death of the claimant.

The Idaho Supreme Court found a third legislative modification of the common law rule in the enactment of Idaho's community property statutes.  The Court held in *Doggett v. Boiler Eng'g & Supply Co., Inc.*, 93 Idaho 888, 892, 477 P.2d 511, 515 (1970), *partially overruled by Evans*, 118 Idaho at 216, 796 P.2d at 93, that a married person's cause of action for personal

2

injury is a community property right and therefore survives the death of the injured spouse so that damages accrued prior to the death may be recovered by the surviving spouse. The *Doggett* community property abatement exception was narrowed however, by the decision in *Evans*, where the Supreme Court held that general damages for pain and suffering, as distinguished from economic loss damages, are the injured spouse's separate property, not community property, and therefore do not survive the demise of the injured spouse. *Evans*, 118 Idaho at 216, 796 P.2d at 93.

No statute or Idaho Supreme Court decision has modified or overruled the abatement doctrine where, as here, the injured plaintiff is an unmarried person. To the contrary, the Supreme Court recently held that because the plaintiff died without leaving a surviving spouse, his claim for negligent medical care was extinguished and could not be pursued by the personal representative of his estate. *Steele v. Kootenai Medical Ctr.*, 142 Idaho 919, 921, 136 P.3d 905, 907 (2006).[1]

While acknowledging these precedents, Appellant argues that the common law abatement rule should no longer be followed. Appellant argues that there is inconsistency and injustice in the current state of Idaho's tort law that allows creditors, including tort claimants, to pursue their claims against a decedent's estate while disallowing the same estate from carrying forward the decedent's personal injury claim against a tortfeasor whose wrongful act has depleted the estate's assets. Appellant also argues that the interest of a surviving spouse, whose community interest in a personal injury claim was preserved by the *Doggett* decision, is functionally equivalent to the interest of an unmarried decedent's estate when a personal injury resulted in economic damages to the estate. Because the abatement rule does not apply when community property was depleted, the argument goes, it should not apply when the estate of an unmarried person has been depleted. Appellant claims support for these arguments in comments made by the Supreme Court in its *Doggett* opinion.

We must agree that the tone of the *Doggett* opinion is critical of the common law rule and seems to signal a willingness of the Supreme Court at that time to overrule the abatement doctrine in a future case. For example, the Court stated:

---

[1]    In *Steele* the Supreme Court remanded the case, however, to allow the decedent's personal representative a chance to amend the complaint to allege a claim for wrongful death.

3

> [W]hen established things are no longer secure in a fast changing world, the court should re-examine the precedents and determine if they provide a proper standing under present conditions.
>
> We have examined the precedents and the reasons for the rule of non-survivability of causes of action following the death of a plaintiff. We find the precedents unclear and unsatisfactory and the purported reasons for the rule virtually non-existent. We suggest therefore that a continuation of such a rule serves no purpose.

*Doggett*, 93 Idaho at 892, 477 P.2d at 515. Nevertheless, overruling the abatement rule is not what the Supreme Court did either in *Doggett* or in its subsequent decisions. In *Doggett*, the Supreme Court issued a narrow ruling; it held only that the common law was impliedly modified by community property statutes, allowing claims for depletion of community assets to survive. *Id.* As noted above, the Supreme Court's more recent decisions in *Steele* and *Evans* adhere to the common law abatement rule with respect to claims that do not belong to a marital community.

This Court is not free to disregard precedents of the Idaho Supreme Court. Therefore, regardless of how persuasive the Appellant's arguments may be concerning the logic or fairness of the abatement rule, it is not within the authority of this Court to overrule the common law abatement doctrine.

## B. Attorney Fees

Respondents request an award of attorney fees on appeal on the ground that Appellant brought his appeal frivolously, unreasonably and without foundation. Attorney fees may be awarded on such grounds under I.C. § 12-121, I.R.C.P. 54(e)(1), and I.A.R. 41. *See Karlson v. Harris*, 140 Idaho 561, 571, 97 P.3d 428, 438 (2004); *Lawrence v. Hutchinson*, 146 Idaho 892, 902, 204 P.3d 532, 542 (Ct. App. 2009); *Sinclair & Co., Inc. v. Gurule*, 114 Idaho 362, 367, 757 P.2d 225, 230 (Ct. App. 1988). However, we do not view this appeal to have been frivolous or groundless. Appellant made a good faith, reasoned argument for a modification of the law. Therefore, the Respondents' request for attorney fees is denied. As prevailing parties the Respondents are, however, entitled to their costs incurred on appeal.

## III.

## CONCLUSION

The judgment of the district court dismissing this action is affirmed. No attorney fees are awarded on appeal. Costs to Respondents.

Judge GRATTON and Judge Pro Tem PERRY, **CONCUR.**

4