**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 43795**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2017 Opinion No. 17 |
| | ) | |
| **Plaintiff-Respondent,** | ) | Filed: February 21, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **DANIEL MONTGOMERY,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K. C. Meyer, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Daniel Montgomery appeals from his judgment of conviction after a jury found him guilty of unlawful discharge of a firearm at a house, occupied building, vehicle, etc. Montgomery argues the district court abused its discretion when it allowed the State's undisclosed witnesses to testify on rebuttal. Additionally, Montgomery argues the State committed prosecutorial misconduct, resulting in a violation of his right to a fair trial. The district court did not err when it determined that rebuttal witnesses need not be disclosed pursuant to Idaho Criminal Rule 16(b)(6), but even if that was error, the error was harmless. Additionally, the State did not engage in prosecutorial misconduct during its closing argument. We affirm the district court's decision.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

One evening, a vehicle swerved through a neighborhood and struck a trash can. The vehicle drove to the end of the street, turned around, and began to drive back in the opposite direction. Montgomery walked to the middle of the street and pointed his gun at the approaching vehicle, forcing it to stop. Once stopped, the driver exited the vehicle and spoke with Montgomery. Accounts differ as to the length and the topic of the conversation. The driver returned to his vehicle, started driving forward, and struck Montgomery, at which point Montgomery fired his gun at the vehicle. The two occupants of the vehicle drove away unharmed.

The State charged Montgomery with two counts of aggravated assault, Idaho Code §§ 18-901, 19-2520, 18-905, and one count of unlawful discharge of a firearm at an occupied vehicle, I.C. §§ 18-3317, 19-2520. Montgomery filed a request for discovery pursuant to I.C.R. 16(b)(1-8), and the State provided a witness list as well as a supplemental witness list. After the preliminary hearing, the first count of aggravated assault toward the driver of the vehicle was dismissed because of insufficient evidence. An information was filed and charged Montgomery with one count of aggravated assault of the vehicle's passenger and one count of unlawful discharge of a firearm at a vehicle.

At trial, the State called five witnesses to testify about the events. After the State rested, Montgomery called his wife and his daughter to testify about what they observed on that night. Montgomery also called three neighbors who recounted what they saw during the incident. Finally, Montgomery testified not only about what happened during the altercation, but also about visiting the hospital the day after the incident and a hip injury he later discovered. Once the defense rested, the State called four rebuttal witnesses, although only the first two witnesses were disclosed on the State's witness lists prior to trial. The first rebuttal witness related his conversation with Montgomery after the altercation regarding Montgomery's injuries. The second rebuttal witness described his conversation with Montgomery at the police station on the night in question. This witness testified about the discrepancy between the video surveillance recording of the events and Montgomery's explanation at the police station and at trial about when his gun was drawn.

Before the third rebuttal witness testified, Montgomery objected that the two remaining rebuttal witnesses were not disclosed prior to trial and as a result, should not be permitted to testify. The trial court relied on precedent and the relevance of their testimony as the basis for overruling the objection. The third witness, who was not disclosed in the State's pretrial witness list, testified regarding Montgomery's good health when he was booked into jail. The fourth, another undisclosed rebuttal witness, testified regarding the bullet holes in the car tire and other damage to the vehicle.

The jury found Montgomery not guilty of aggravated assault. The jury found Montgomery guilty of unlawful discharge of a firearm at a vehicle. The district court imposed an eight-year sentence, with four years determinate, suspended the sentence, and placed Montgomery on probation. Montgomery timely appeals.

## II.

## ANALYSIS

**A. We Are Constrained to Hold the District Court Acted Consistently With the Applicable Legal Standards When It Determined the State Was Not Required to Disclose Its Rebuttal Witnesses Pursuant to I.C.R. 16(b)(6)**

Montgomery argues the district court abused its discretion when it allowed the State to present the testimony of two undisclosed rebuttal witnesses. Montgomery asserts the plain language of I.C.R. 16(b)(6) requires the State to disclose all witnesses who may testify. He further argues the failure to disclose the rebuttal witnesses should have resulted in the exclusion of their testimony. Although Idaho courts have ruled otherwise, Montgomery argues the plain language of I.C.R. 16(b)(6) and the 1989 amendment to I.C. § 19-1302 require the disclosure of any potential witness; therefore, rendering any opinion issued subsequent to the amendment incorrect.

When a party has failed to comply with discovery, the trial court may impose sanctions including, in appropriate circumstances, the exclusion of a witness. I.C.R. 16(f)(2), 16(j); *State v. Miller*, 133 Idaho 454, 456-57, 988 P.2d 680, 682-83 (1999); *State v. Harris*, 132 Idaho 843, 846, 979 P.2d 1201, 1204 (1999); *State v. Lamphere*, 130 Idaho 630, 633, 945 P.2d 1, 4 (1997). Sanctions serve the dual purposes of encouraging compliance with discovery and punishing misconduct. *Roe v. Doe*, 129 Idaho 663, 667, 931 P.2d 657, 661 (Ct. App. 1996). The choice of an appropriate sanction, or whether to impose a sanction at all, for a party's failure to comply with a discovery request or order is within the discretion of the trial court. *State v. Stradley*, 127

3

Idaho 203, 207-08, 899 P.2d 416, 420-21 (1995); *State v. Hawkins*, 131 Idaho 396, 405, 958 P.2d 22, 31 (Ct. App. 1998). To determine whether a sanction will be imposed and what it will be, the trial court must weigh the equities, balancing the culpability of the disobedient party with the resulting prejudice to the innocent party in light of the twin aims of the sanction power. *State v. Anderson*, 145 Idaho 99, 105, 175 P.3d 788, 794 (2008); *Roe*, 129 Idaho at 667, 931 P.2d at 661. In reviewing a discretionary decision we ask: (1) whether the trial court correctly perceived the issue as one of discretion, (2) whether the trial court acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) whether the trial court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In reviewing whether the trial court abused its discretion, Montgomery does not argue the court failed to perceive the issue as one of discretion. Additionally, we hold that although Montgomery asserts the district court "did not reach its decision when it allowed [Rebuttal Witness 1] and [Rebuttal Witness 2] to testify based upon an exercise of reason," this argument is without merit. The district court listened to arguments from both parties at trial, considered the statutory language of the Idaho Criminal Rules and Idaho Code, analyzed the case precedent, and concluded that despite the State's failure to disclose the rebuttal witnesses, in its discretion, the court could allow the undisclosed rebuttal witnesses to testify. This analysis demonstrates a sufficient exercise of reason. The issue, therefore, relates only to the second prong of the *Hedger* standard: whether the trial court acted within the boundaries of its discretion and consistent with the legal standards applicable to the choices available.

It is undisputed that Montgomery served a request for discovery, pursuant to I.C.R. 16. In this request for discovery, Montgomery asked for the following:

> 6. A written list of the names, addresses, phone numbers and/or other reasonable means of contact for all persons having knowledge of relevant facts who may be called by the prosecuting attorney as witnesses at trial, together with a NCIC report and a Spillman report of any such persons. Also the statements made by the prosecution witnesses or prospective witnesses, made to the prosecuting attorney or his agents, or to any official involved in the investigatory process of the case.

It is also undisputed that two rebuttal witnesses called by the State had not been disclosed to Montgomery prior to trial.

In relevant part, I.C.R. 16(b)(6) states:

4

Upon written request of the defendant the prosecuting attorney shall furnish to the defendant a written list of the names and addresses of all persons having knowledge of relevant facts who may be called by the state as witnesses at the trial, together with any record of prior felony convictions or any such person which is within the knowledge of the prosecuting attorney.

Montgomery argues the language of I.C.R. 16(b)(6) clearly states that upon request, the prosecuting attorney must furnish a list of all persons who may be called as a witness. Although Idaho case law has allowed undisclosed witnesses to testify on rebuttal, Montgomery asserts this case law is manifestly wrong and not binding authority because no Idaho statute has allowed rebuttal witnesses to be undisclosed since I.C. § 19-1302 was amended in 1989. In response, the State argues Idaho case law, which allows the testimony of undisclosed rebuttal witnesses, is consistent with the plain language of I.C.R. 16(b)(6). The State also asserts Montgomery failed to show prejudice from the rebuttal witness testimony.[1]

We acknowledge there is a discrepancy between the plain language of I.C.R. 16(b)(6) and Idaho precedent. Historically, the issue of whether known rebuttal witnesses must be disclosed prior to trial has been governed by an interpretation of I.C. § 19-1302 which relied on the pre-1989 version of the statute. As such, there are two conflicting lines of authority that control the resolution of the issue. First, rules of statutory interpretation and precedent from the Idaho Supreme Court require a court to follow the law as written when it is interpreting a statute or court rule. If this line of authority is followed, rebuttal witnesses must be disclosed. Second, case law has consistently held that rebuttal witnesses need not be disclosed and their testimony is nonetheless admissible. If this line is followed, the district court did not err in determining rebuttal witnesses need not be disclosed prior to testifying. In analyzing this conflict we will look not only to the plain language of I.C.R. 16(b)(6), but also the historical relationship between I.C.R. 16(b)(6), I.C. § 19-1302, and the cases that interpret the rule and the statute.

1.      **The plain language of I.C.R. 16(b)(6) requires the disclosure of all witnesses**

We begin with the language at issue in this case. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court

---

[1]      We will address this issue of prejudice only insofar as it relates to undisclosed rebuttal witnesses. The State uses our opinion in *State v. Huntsman*, 146 Idaho 580, 199 P.3d 155 (Ct. App. 2008) to provide a standard for witness disclosure. However, our prejudice standard in *Huntsman* concerns late disclosure of witnesses prior to trial, not undisclosed rebuttal witnesses.

5

must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

The Idaho Supreme Court clarified how Idaho courts should interpret statutory language when the language is unambiguous in *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Id.* at 893, 265 P.3d 502. It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *Id.* In addition, the Court analyzed how to deal with a statute when it has unambiguous language, even if the language appears absurd. In overruling the holding in *State, Dept of Law Enf't v. One 1955 Willys Jeep*, 100 Idaho 150, 595 P.2d 299 (1979), the Supreme Court explained if a statute's clear language was absurd, a court still could not construe the statute to mean something other than what it says, since the Idaho Constitution provides that only the legislature has the power to revise statutes. *Verska*, 151 Idaho at 895, 265 P.3d at 508. The Court stated: "Thus, we have never revised or voided an unambiguous statute on the ground that it is patently absurd or would produce absurd results when construed as written, and we do not have the authority to do so." *Id.* at 896, 265 P.3d at 509.

Not only has Idaho case law defined how statutes must be read, but also that Idaho courts shall interpret court rules using these same principles of statutory interpretation. *See, e.g.,*

6

*Joyner v. State*, 156 Idaho 223, 229, 322 P.3d 305, 311 (Ct. App. 2014); *State v. Knutsen*, 138 Idaho 918, 920-21, 71 P.3d 1065, 1067-68 (Ct. App. 2003). The Idaho Supreme Court held that when interpreting court rules, Idaho appellate courts apply the same standards of construction as are utilized with statutes. *Miller v. Haller*, 129 Idaho 345, 350, 924 P.2d 607, 612 (1996). In order to use the same standards of statutory construction, courts must begin any interpretation of court rules with an examination of the literal words of the rule and give the language its plain, obvious, and rational meaning. *Doe v. State*, 153 Idaho 685, 689, 290 P.3d 1277, 1281 (Ct. App. 2012).

Here, the Idaho Criminal Rules utilize clear and unambiguous language in I.C.R. 16(b)(6). The rule requires that if the defendant issues a written request, "the prosecuting attorney shall furnish to the defendant a written list of the names and addresses of all persons having knowledge of relevant facts who may be called by the state as witnesses at the trial." I.C.R. 16(b)(6). The plain language of I.C.R. 16(b)(6) dictates that the prosecutor must disclose the names and addresses of all persons who may be called as a witness with no express exception, which would include rebuttal witnesses. Since we apply Idaho Criminal Rules according to their plain language, and because I.C.R. 16(b)(6) contains no exception concerning the disclosure of rebuttal witnesses by virtue of the language of the rule itself, a prosecutor must disclose all witnesses with knowledge of relevant facts, even those that may be called as rebuttal witnesses. However, simply applying the rule as written does not harmonize the rule, the statute, and the case law. Therefore, we turn next to the historical relationship between I.C.R. 16(b)(6), I.C. § 19-1302, and precedent which interprets both the rule and the statute.

### 2.     The relationship between I.C. § 19-1302 and I.C.R. 16

There is a historical relationship which should be recognized between I.C.R. 16(b)(6), I.C. § 19-1302, and the Idaho case law interpreting the court rule and the statute. We provide the following legislative history of I.C. § 19-1302 not as a way to interpret the language of the statute or I.C.R. 16(b)(6), but rather as a means by which to address a line of cases that seemingly rest on text that no longer exists.

We begin with I.C. § 19-1302, its 1989 amendment, and the degree to which the code section originally related to I.C.R. 16(b)(6). Originating in the late nineteenth century, I.C. § 19-1302 existed in substantially the same form until 1989. Prior to 1989, I.C. § 19-1302 read:

7

All informations shall be filed in the court having jurisdiction of the offense specified therein by the prosecuting attorney as informant, he shall subscribe his name thereto and indorse thereon the names of the witnesses known to him at the time of filing the same; and at such time before the trial of any case as the court may rule or otherwise prescribe, he shall indorse thereon the names of such other witnesses as shall then be known to him: provided, however, that the witnesses called by the state in rebuttal need not be indorsed upon the information.

The language of the code section required a prosecuting attorney to provide the names of known witnesses on the information, but not the names of rebuttal witnesses. This statute preceded the adoption of discovery rules and thus, was a way for the defendant to determine who the witnesses against him may be. However, in 1972, the Idaho Supreme Court adopted Rules of Criminal Practice and Procedure, which were the precursor to the Idaho Criminal Rules, adopted in 1979.[2] The language of Idaho Criminal Practice and Procedure Rule 16 read as follows:

State witnesses. Upon motion of the defendant the court may order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all persons having knowledge of relevant facts who may be called by the state as witnesses at the trial, together with any record of prior felony convictions of any such person which is within the knowledge of the prosecuting attorney. Names and addresses of the prosecution witnesses shall not be subject to disclosure if the prosecuting attorney certifies that to do so may subject the witness or others to physical or substantial economic harm or coercion.

In 1979, Idaho adopted criminal rules governing discovery, effective July 1, 1980. I.C.R. 16(b)(6) (1980). The language of I.C.R. 16(b)(6) has remained virtually identical since its adoption. Thus, the Idaho Supreme Court formalized the discovery process, thereby providing a more consistent and uniform way in which the defendant could determine who may testify against him in order to adequately prepare for such testimony. Importantly, the Idaho Supreme Court changed the discovery requirement from "may" in Criminal Practice and Procedure Rule (16)(a)(1)(vi) to "shall" in Idaho Criminal Rule 16(b)(6).

In 1988, the Idaho Legislature attempted to amend I.C. § 19-1302. One reason for the amendment was to protect the identity of witnesses and victims. Before the 1988 legislative session, sexual assault crimes occurred at the University of Idaho and the names of victims and witnesses were printed in the information charging the defendant with the crimes. Public disclosure of these names caused distress to the individuals associated with the case, as one of

---

[2] The Idaho Rules of Criminal Practice and Procedure were rescinded when the Court adopted the Idaho Criminal Rules.

the witnesses disclosed was the daughter of an Idaho legislator. As a way to protect the privacy of all the individuals, legislation was proposed to remove the requirement that names of witnesses and victims be listed in the information. The minutes of the House Judiciary, Rules and Administration Committee reveal the initial discussion of the proposed legislation focused on the confidentiality of victim and witness identities.[3] The Attorney General explained the benefits of anonymity, particularly in assisting police and solving crimes while protecting victims and witnesses from intimidation. Members of the press argued against the amendment, which would have denied reporters the ability to obtain identifying information of witnesses. At the end of the meeting, the committee voted to hold the bill in committee, which prevented the amendment from passing during the 1988 session.

The next year, the Idaho Legislature successfully amended I.C. § 19-1302. The purpose of House Bill 253 was to "eliminate the requirement that the state endorse on the information the names of its witnesses at the time of filing the information. Because of the advent of modern discovery procedures under Criminal Rule 16, this statutory requirement is no longer needed.[4]" The discussion in the House committee[5] also indicated that modern discovery procedures made the prior naming requirement unnecessary because the names of the witnesses would be disclosed in discovery; the Senate committee described the amendment removing the listing of witnesses in the charging document as a mere technical change.[6] House Bill 253 passed both the House and the Senate during the 1989 Legislative Session. As a result of the amendment, I.C. § 19-1302 read, and still reads: "All informations shall be filed in the court having jurisdiction of the offense specified therein by the prosecuting attorney as informant to which he shall subscribe his name."[7]

---

[3] HB 473, March 17, 1988 (House Judiciary, Rules and Administration Committee Minutes).

[4] Statement of Purpose, RS 22671 (HB 253), 1989.

[5] HB 253, March 3, 1989 (House Judiciary, Rules and Administration Committee Minutes).

[6] HB 253, March 20, 1989 (Senate Judiciary and Rules Committee Minutes).

[7] The amending language pursuant to House Bill No. 253 is as follows:

All informations shall be filed in the court having jurisdiction of the offense specified therein by the prosecuting attorney as informant; to which he shall subscribe his name thereto and indorse thereon the names of the witnesses known to him at the time of filing the same; and at such time before the trial of

The amendment to I.C. § 19-1302 removed a significant portion of the statutory language; the resulting code section identifies only where an information should be filed and who should issue the filing. The stricken language can be categorized into two groups: first, the requirement to endorse on the information the names of known witnesses; and second, the exception to this disclosure requirement for rebuttal witnesses. Following the 1989 amendment, the plain language of I.C. § 19-1302 no longer required a prosecutor to endorse the names of known witnesses on the information. Additionally, after the amendment, there was no longer a statutory exception for non-disclosure of rebuttal witnesses. Significantly, this section was removed specifically based on the evidence of I.C.R. 16 and its disclosure requirements, which, as we have noted above, do not exempt witnesses. We turn next to cases addressing the issue.

3. **Idaho precedent relies on the language of I.C. § 19-1302 before the 1989 amendment was enacted**

a. **Cases interpreting I.C. § 19-1302**

Prior to the adoption of the Idaho Rules of Criminal Practice and Procedure in 1972, Idaho courts relied on I.C. § 19-1302 as the foundation for determining whether rebuttal witnesses must be disclosed. At that time, I.C. § 19-1302 specifically exempted rebuttal witnesses from disclosure; therefore, it is not surprising the cases reached the same conclusion. Even today, the current statute headnotes cite to *State v. Stewart*, 46 Idaho 646, 270 P. 140 (1928) and *State v. Mundell*, 66 Idaho 297, 159 P.2d 818 (1945) and indicate the "purpose of these provisions is to inform the defendant of the names of the witnesses who are to testify against him, so that he may have an opportunity to meet and controvert their evidence" even though both cases rely on the pre-1989 version of I.C. 19-1302. *Mundell*, 66 Idaho at 303, 158 P.2d at 820 (quoting *Stewart*, 46 Idaho at 650, 270 P. 141). The headnote also lists *State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982). The *Olsen* Court stated: "The purpose of the endorsement requirement in this section [I.C. § 19-1302] is essentially the same as the purpose of I.C.R. 16(a)(vi),[8] i.e., discovery by the defendant of the names of all persons having knowledge

---

any case as the court may rule or otherwise prescribe, he shall indorse thereon the names of such other witnesses as shall then be known to him: provided, however, that the witnesses called by the state in rebuttal need not be indorsed upon the information.

[8] The citation to I.C.R. 16(a)(vi) is misleading for three reasons. First, the Idaho Criminal Rules, which are typically designated as "I.C.R.," did not exist at the time of Olsen's trial.

10

of relevant facts who may be called by the state as witnesses." *Olsen*, 103 Idaho at 283, 647 P.2d at 739. Notably, however, two of the above cases were issued prior to the adoption of the Idaho Rules of Criminal Practice and Procedure and all three of the above cases occurred prior to the 1989 amendment of I.C. § 19-1302 when rebuttal witnesses were specifically exempt from the disclosure requirement.

### b.      The ruling in *Olsen*

*Olsen* is often cited as the seminal case holding that rebuttal witnesses need not be disclosed pursuant to Idaho Criminal Rule 16. *See Olsen*, 103 Idaho at 283, 647 P.2d at 739. However, that is not what *Olsen* holds. Olsen never analyzed I.C. § 19-1302 in conjunction with I.C.R. 16 because I.C.R. 16 did not take effect until after the *Olsen* opinion was issued. Thus, reliance on *Olsen* as authority that rebuttal witnesses need not be disclosed pursuant to I.C.R. 16 is unsupported.

In that case, Olsen was convicted of two counts of assault with a deadly weapon. *Olsen*, 103 Idaho 280, 647 P.2d at 736. At trial, Olsen offered evidence that he was intoxicated at the time he discharged the gun and that he did not intend to shoot in the direction of the police officers. *Id.* at 281, 647 P.2d at 737. To rebut this evidence, the State called a witness it had not discovered until the end of the first day of trial. *Id*. at 282, 647 P.2d at 738. Because the witness was unknown to the State until that time, the witness was not endorsed on the information or included in the State's response to Olsen's pretrial discovery request. *Id.* Olsen objected, but the trial court permitted the witness to testify regarding the defendant's intoxication and intent in discharging the gun. *Id.* at 281-82, 647 P.2d at 737-38. On appeal, Olsen made two arguments, only one of which is relevant here. That is, Olsen argued the State's failure to disclose the identity of the rebuttal witness deprived him of a fair trial. *Id.* at 282, 647 P.2d at 738. Olsen raised three challenges on that basis: first, the failure to disclose violated a constitutional right to a fair trial; second, the State had a statutory duty to disclose known witnesses; and third, the

---

Second, the designated citation for the Idaho Rules of Criminal Practice and Procedure was "I.C.R." Thus, the designation of I.C.R. in 1979 correctly designates a subsection of the Idaho Rules of Criminal Practice and Procedure, but not the Idaho Court Rules adopted in 1979. Additionally, the citation to subsection (a)(vi) of Idaho Criminal Practice and Procedure Rule 16 is incorrect as no such subsection ever existed. Instead, the correct citation is Rule 16(a)(1)(vi).

State had an on-going duty of disclosure pursuant to Idaho Criminal of Practice and Procedure Rule 16(d). *Olsen*, 103 Idaho at 283, 647 P.2d at 739.

Olsen's constitutional argument was dispatched by the Court rather summarily because the evidence was not exculpatory. *Id*. The Court also analyzed Olsen's claim that the State had a duty to disclose known witnesses, even if those witnesses were only used on rebuttal. *Id.* Due to the explicit language of I.C. § 19-1302 at the time of the case, the Idaho Supreme Court rejected this argument by ruling: "The state was under no statutory duty to disclose [the rebuttal witness's] identity, and the failure to do so did not prejudice defendant's right to a fair trial." *Olsen*, 103 Idaho at 283, 647 P.2d at 739. The Court explained:

> I.C. § 19-1302 requires the prosecuting attorney to endorse on the information the names of all witnesses known to him at the time of filing the information. The purpose of the endorsement requirement in I.C. § 19-1302 is essentially the same as the purpose of I.C.R. 16(a)(vi), i.e., discovery by the defendant of the names of all persons having knowledge of relevant facts who may be called by the state as witnesses. However, I.C. § 19-1302 specifically excludes rebuttal witnesses from the endorsement requirement with the following proviso: "Provided, however, that the witnesses called by the state in rebuttal need not be endorsed upon the information."

*Olsen*, 103 Idaho at 283, 647 P.2d at 739 (internal citations omitted).

The Court concluded the discovery purposes of the statute and the Idaho Criminal Practice and Procedure Rule 16(a)(1)(vi) are "essentially the same," as both provided for a mechanism by which the defendant could discover the names of all persons who may be disclosed as witnesses. *Olsen*, 103 Idaho at 283, 647 P.2d at 739. The Idaho Criminal Practice and Procedure Rule and the statute were essentially the same because at that time, I.C. § 19-1302 specifically exempted the disclosure of rebuttal witnesses. Idaho Criminal Practice and Procedure Rule 16(a)(1)(vi) similarly did not mandate the disclosure of rebuttal witnesses, instead leaving it to the discretion of the trial court. The Court then held the State may use rebuttal witnesses who have not been disclosed to the defense, since the language of I.C. § 19-1302 in 1982--which contained the same purpose as the discovery criminal rule--expressly provided this exception to the disclosure requirement. *Olsen*, 103 Idaho at 283, 647 P.2d at 739.

As to Olsen's claim that the State breached its duty of on-going disclosure, the Court citing Rule 16(a) of the Idaho Criminal Procedure and Practice Rule analyzed the issue as one of late disclosure rather than as a failure to disclose a witness. *Olsen*, 103 Idaho at 283, 647 P.2d at 739. The Court held the witness was disclosed as soon as he was discovered, and pursuant to an

12

offer of proof, Olsen was apprised of the testimony before the witness testified. *Id.* at 284, 647 P.2d at 740. Because Olsen neither objected to the admission of the testimony on the basis of prejudice nor requested a continuance so he could prepare, Olsen did not show he was prejudiced. *Id.* Consequently, the Court held there was no error in admitting the witness's testimony. *Id.*

### c. Case law following *Olsen*: 1982-1989

Despite the actual holding of *Olsen*, subsequent cases have relied on *Olsen* as the basis to consistently hold that I.C.R. 16 does not extend to a prosecutor's duty to disclose rebuttal witnesses. However, as noted above, reliance on *Olsen* for this proposition is misplaced for three reasons. First, I.C.R. 16 was not adopted at the time of Olsen's trial. Second, procedural rules that were in effect at the time made all discovery discretionary with the court. Third, the cases have not addressed the amended statutory language of I.C. § 19-1302 or the reason for the amendment--which was to both provide additional protection for the identity of witnesses and victims and as recognition that I.C.R. 16(b)(6) was the more appropriate mechanism governing disclosure of witnesses.

For example, *State v. Pierce*, 107 Idaho 96, 685 P.2d 837 (Ct. App. 1984), citing *Olsen* as its authority, was one of the earliest appellate cases to stand for the rule that a prosecutor does not need to disclose rebuttal witnesses prior to the admission of the witnesses testimony. *Pierce*, 107 Idaho 96, 106-07, 685 P.2d 837, 847-48. In *Pierce*, the State failed to disclose information about a witness, and Pierce claimed he was prejudiced by the surprise at trial when the State called this witness in rebuttal. *Pierce*, 107 Idaho at 105, 685 P.2d at 846. Before the trial had begun, the State knew the content of the testimony and that it may need to call the witness to the stand. *Id.* at 106, 685 P.2d at 847. Even with this knowledge, this Court, citing *Olsen*, explained there is no duty to disclose information about a rebuttal witness. *Pierce*, 107 Idaho at 106-07, 685 P.2d at 847-48. This Court held:

> Of course, such testimony would have been subject to a duty of disclosure under Rule 16(b) had the inmate been the state's witness. However, as noted, the inmate was a defense witness when first called to the stand. The inmate's subsequent testimony as a rebuttal witness for the state implicated Pierce in tampering with documentary evidence. However, there is no constitutional duty, nor any requirement under Rule 16(a), for the state to disclose potentially inculpatory testimony of a rebuttal witness. *State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982). *See also* I.C. § 19-1302.

*Pierce*, 107 Idaho at 106-07, 685 P.2d at 847-48 (citations omitted).

13

At the time *Pierce* was issued, although I.C. § 19-1302 had not yet been amended, the Idaho Supreme Court had adopted the Idaho Criminal Rules. In doing so, the Court specifically rejected the discretionary standard of "may" in the Idaho Rules of Criminal Procedure and Practice and replaced it with "shall" in the newly adopted Idaho Criminal Rule 16(b)(6). Thus, the *Pierce* decision was the first Idaho case to link the criminal rule for discovery (I.C.R. 16) with the statutory rule for endorsing witnesses on an information (I.C. § 19-1302). *Pierce*, 107 Idaho at 106-07, 685 P.2d at 847-48. Given the reliance on I.C. § 19-1302 and *Olsen*, the *Pierce* decision conflated the requirements of the statute and the explicit language of the rule. As a result, the decision read language from I.C. § 19-1302 into I.C.R. 16(b)(6)--language which otherwise did not exist in the rule.

That same year, *State v. Lopez*, 107 Idaho 726, 692 P.2d 370 (Ct. App. 1984) confirmed this Court's ruling in *Pierce*. Again, the issue on appeal was whether the district court erred in holding the prosecutor was not required to disclose the names of rebuttal witnesses when the defendant had requested such disclosure before trial. Consistent with *Pierce* (which relied on *Olsen*), this Court held as follows:

> Appellants further contend that the district court erred in allowing testimony by two prosecution witnesses whose identities had not been disclosed until the morning of the day when they were called. A prosecutor is constitutionally required to disclose exculpatory evidence. He also is required by rule to disclose, upon request, the names and addresses of persons having knowledge of the relevant facts. I.C.R. 16(b)(6). However, there are limits. The prosecutor's duty to disclose witnesses does not extend to persons called for rebuttal.

*Lopez*, 107 Idaho at 739, 692 P.2d at 383 (citations omitted).

### d.  Case law interpreting I.C. § 19-1302 after the 1989 amendment

Following the 1989 amendment to I.C. § 19-1302, Idaho courts continued to hold the nondisclosure of rebuttal witnesses was not error. For instance, in *State v. Jones*, 125 Idaho 477, 873 P.2d 122 (1993), the Idaho Supreme Court analyzed the testimony of an undisclosed witness. Although the Supreme Court stated: "The State may call an undisclosed witness when the testimony of the witness only concerns the chain of possession of certain evidence, *State v. Goodrick*, 95 Idaho 773, 777, 519 P.2d 958, 962 (1974), or during rebuttal," the Court cited no authority for the proposition that general rebuttal witnesses need not be disclosed. *Jones*, 125 Idaho at 488, 873 P.2d at 133. The Court then decided the witness was not a rebuttal witness because the witness "surfaced" during the State's case-in-chief. *Id.* at 489, 873 P.2d at 134. As

14

a result, the Court held the district court erred in admitting the testimony of an undisclosed witness who was not a rebuttal witness, although the error was harmless. *Id.*

On a different occasion, this Court in *State v. Dye*, 124 Idaho 250, 858 P.2d 789 (Ct. App. 1993), although addressing other issues, cited *Lopez*, 107 Idaho at 739, 692 P.2d at 383 and noted in passing that a prosecutor's duty to disclose witnesses does not extend to those called on rebuttal. *Dye*, 124 Idaho at 253, 858 P.2d at 792. Similarly, to support a conclusion that the State did not need to disclose a potential witness's prior felony convictions in *Queen v. State*, 146 Idaho 502, 198 P.3d 731 (Ct. App. 2008), this Court explained, "the state's disclosure duties pursuant to I.C.R. 16(b)(6) do not extend to persons called as rebuttal witnesses." *Queen*, 146 Idaho at 504, 198 P.3d at 733.

### e. This Court addresses the issue in *Wilson*

As we have seen, on the one hand, Idaho case law utilizes a combination of I.C.R. 16(b)(6), I.C. § 19-1302, and case precedent to stand for the proposition that the State does not need to disclose the identity of rebuttal witnesses. On the other hand, the plain language of I.C.R. 16(b)(6) contains no exception to a disclosure requirement that applies to all witnesses; the statute no longer applies; and *Olsen*, the case on which subsequent cases rely, has no such holding. This Court recently raised this issue in *State v. Wilson*, 158 Idaho 585, 349 P.3d 439 (Ct. App. 2015). There, in a footnote, we stated:

> The State argues on appeal that limiting the State to using the bartender's testimony only in rebuttal "cured" its discovery violation because the State does not have a duty to disclose rebuttal witnesses under I.C.R. 16(b)(6). We do not decide the merits of this contention, but note that I.C.R. 16(b)(6) contains no express exception for rebuttal witnesses. The State's argument is reliant upon a series of Idaho decisions stating broadly that the prosecutor's duty to disclose witnesses does not extend to persons called for rebuttal. However, that line of authority seems to trace back to *State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982), which was applying the terms of a then-existing statute, I.C. § 19-1302. At that time, the statute required the prosecuting attorney to endorse on any information charging a felony the names of all witnesses known to the prosecutor at the time of the filing of the information, but also included a proviso "that the witnesses called by the state in rebuttal need not be endorsed upon the information." In *Olsen*, the Court resolved against the defendant his claim that I.C. § 19-1302 required disclosure of a State's rebuttal witness; the Court did not address whether the then-existing criminal rule, in the circumstances of that case, required such disclosure. An amendment to section 19-1302 in 1989 removed the requirement that the names of witnesses be endorsed on the information and the accompanying proviso. After the adoption of the Idaho Criminal Rules in 1972,

15

with the language now found in I.C.R. 16(b)(6), the first case to state that rebuttal witnesses need not be disclosed by the prosecution was *State v. Pierce*, 107 Idaho 96, 106-07, 685 P.2d 837, 847-48 (Ct. App. 1984), but for that proposition the court cited only *Olsen*, a case that did not address the discovery obligations imposed by I.C.R. 16(b)(6). Then *Lopez* carried forward that proposition, citing only *Pierce*. Subsequent cases indicating that rebuttal witnesses need not be disclosed in discovery cite *Lopez*, without actual analysis of whether the language of Rule 16(b)(6) requires disclosure of rebuttal witnesses that are contemplated in advance of trial.

*Wilson*, 158 at 590 n.2, 349 P.3d 444 n.2 (citations omitted).

### 4. The case at bar

Unlike the facts in *Wilson*, which did not require this Court to address the substantive question of undisclosed rebuttal witnesses, Montgomery squarely presents the issue. At trial, Montgomery objected to the testimony of the two rebuttal witnesses, requesting the witnesses not be allowed to testify pursuant to I.C.R. 16(b)(6) since they had not been disclosed. In support of his objection, Montgomery cited the footnote in *Wilson* to explain how Idaho case law is inaccurate when it has held rebuttal witnesses do not need to be disclosed. In response, the State argued the facts in *Wilson* were different, the footnote was simply dicta, and the Court was still bound by *Lopez* because *Wilson* did not overrule *Lopez*. The trial court acknowledged Montgomery's argument, but explained the footnote in *Wilson* was dicta; therefore, the footnote was not binding on the court. It further concluded:

> The prior precedent established by previous rulings of the Supreme Court and continuing beyond the amendment to Idaho Code Section 19-1302 stands for the proposition that rebuttal witnesses do not have to be disclosed, and those cases have not been overruled, which includes *State versus Jones*, 125 Idaho 477, and *State versus Lopez*, 107 Idaho 726.

### a. The district court ruled consistently with legal standards

We conclude that because of Idaho Supreme Court precedent, the district court acted within the boundaries of its discretion when it allowed testimony from the State's undisclosed rebuttal witnesses. In considering the standard of review set forth in *Hedger*, our case involves only the second prong of the analysis--whether the trial court acted within the boundaries of its discretion and consistent with the legal standards applicable to the choices available. The trial court here acted within the boundaries of its discretion. The trial court acknowledged how the determination of discovery sanctions and the decision to allow testimony is discretionary with the trial court. The trial court decided it would not exclude the testimony of the State's rebuttal

16

witnesses, since Montgomery made no showing of prejudice. The court explained this testimony was also allowed since it was "proper to rebut claims made by the defendant himself." Because the court recognized its discretion and considered the testimony and any possible prejudice before issuing a ruling, the trial court acted within the boundaries of its discretion.

The court also ruled consistently with legal standards given Idaho Supreme Court precedent. The district court based its conclusion on precedent that relied on the pre-1989 version of I.C. § 19-1302, so it is understandable how the district court reached its conclusion. Nonetheless, I.C.R. 16(b)(6) requires the State to disclose all witnesses who may testify at trial. Idaho case law has consistently held that statutes and court rules must be interpreted as written. The district court did not interpret the unambiguous language of I.C.R. (16)(b)(6) according to its plain meaning. Ordinarily, this would lead to a conclusion that the district court did not rule consistently with the legal standards applicable to the case. However, the district court in this case correctly recognized it was bound to follow applicable Idaho Supreme Court precedent. Neither trial courts nor this Court are free to disregard precedents of the Idaho Supreme Court, regardless of how persuasive the appellant's arguments may be concerning the logic or fairness of the issue at hand. *Craig v. Gellings*, 148 Idaho 192, 195, 219 P.3d 1208, 1211 (Ct. App. 2009). Therefore, we are constrained to conclude the district court ruled consistently with the applicable legal standards and satisfied the second prong of the *Hedger* standard when it determined the State need not disclose known rebuttal witnesses.

### b. Any error was harmless

Even if the trial court had erred in determining the State did not need to disclose known rebuttal witnesses, the error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).

Here, over defense counsel's objection, the district court allowed two undisclosed rebuttal witnesses to testify during trial. Rebuttal Witness 1 was a senior deputy who helped book Montgomery into jail. As part of the booking procedure, Rebuttal Witness 1 questioned Montgomery about his health and whether Montgomery had any injuries. In his rebuttal testimony, Rebuttal Witness 1 explained that in response to these booking questions,

17

Montgomery said his health was good and he did not have any injuries. The jury heard testimony from multiple witnesses regarding Montgomery's health. For instance, one witness testified that he questioned Montgomery at the scene of the incident and also spoke with Montgomery at the jail. This witness explained that at the scene, Montgomery did not mention any injuries. However, once at the jail, Montgomery filled out an information sheet where he indicated he had several bulged disks. The jury also heard testimony from Montgomery regarding his injuries. Montgomery testified regarding his treatment at the hospital following his release from jail, and he responded to questions about his injuries during cross-examination. Montgomery also responded to additional questions about his injuries in surrebuttal direct examination. As a result, while Rebuttal Witness 1's testimony contradicted other testimony, the jury heard evidence in addition to Rebuttal Witness 1 regarding Montgomery's injuries. Therefore, even if error did occur in admitting the rebuttal witness testimony, we conclude beyond a reasonable doubt that the error did not contribute to the jury's verdict of discharge of a firearm at a vehicle because of the additional evidence the jury heard.

Any error in allowing testimony from Rebuttal Witness 2 was also harmless. Rebuttal Witness 2 was a detective who inspected the victim's vehicle for evidence. In examining the flat tire of the vehicle in question, Rebuttal Witness 2 explained he found two holes in the tire and a significant dent in the rim. He also stated he found "two deformed bullet slugs" within the tire. The testimony from Rebuttal Witness 2 is also not prejudicial. Although Montgomery and Rebuttal Witness 2 disagreed as to the number of bullet slugs recovered from the tire, the testimony referred to the gun shots fired into the vehicle's tires. Montgomery did not contest that he fired at the vehicle. Therefore, even if the district court erred in finding the State need not disclose rebuttal witnesses, we conclude beyond a reasonable doubt this error did not contribute to the jury's verdict in light of the testimony regarding the bullets within the tire and Montgomery's own concession on that issue.

Finally, not only did the jury hear additional testimony concerning Montgomery's injuries and the bullets within the tire, but the jury also watched a video of the events. In viewing the video, the jury saw Montgomery walk into the street, converse with the driver, and fire shots at the vehicle. Montgomery was charged with unlawful discharge of a firearm, which is apparent from the video. In his own testimony, Montgomery admits to discharging the firearm. Therefore, for the aforementioned reasons, in addition to the video available, any error

18

in allowing the undisclosed rebuttal witness testimony did not contribute to the jury's verdict. Therefore, any error was harmless error.

### 5. Conclusion

In sum, we recognize that Idaho case law interpreting I.C. § 19-1302 relies on the pre-1989 version of the statute. After 1989, I.C. § 19-1302 no longer controlled discovery in criminal cases. The controlling court rule, I.C.R. 16, contains no language exempting known rebuttal witnesses from disclosure. Nonetheless, given Idaho Supreme Court precedent, we are constrained to conclude the district court did not err in finding the State need not disclose its rebuttal witnesses. Even if it was error, the error was harmless.

## B. The State Did Not Commit Prosecutorial Misconduct During Its Closing Argument

Montgomery argues the prosecutor made unfounded statements during closing argument which wrongly accused Montgomery's witnesses of lying. From these statements, Montgomery argues the misconduct amounts to fundamental error since it denied him the right to due process of the law and a fair trial, in violation of the Sixth and Fourteenth Amendments.

While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

Montgomery made no contemporaneous objection to the prosecutor's closing argument at trial, and the trial court did not limit the prosecutor's comments or provide the jury with curative instructions for the statements that Montgomery now cites. In *Perry*, 150 Idaho 209, 245 P.3d 961, the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Each statement objected to by Montgomery on appeal occurred during the prosecutor's closing argument. Closing argument serves to sharpen and clarify the issues for resolution by the

trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Closing argument should not include counsel's personal opinions and beliefs about the credibility of a witness or the guilt or innocence of the accused. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. *See also State v. Garcia*, 100 Idaho 108, 110-11, 594 P.2d 146, 148-49 (1979); *State v. Priest*, 128 Idaho 6, 14, 909 P.2d 624, 632 (Ct. App. 1995); *State v. Ames*, 109 Idaho 373, 376, 707 P.2d 484, 487 (Ct. App. 1985). A prosecuting attorney may express an opinion in argument as to the truth or falsity of testimony or the guilt of the defendant when such opinion is based upon the evidence, but the prosecutor should exercise caution to avoid interjecting his or her personal belief and should explicitly state that the opinion is based solely on inferences from evidence presented at trial. *Phillips*, 144 Idaho at 86 n.1, 156 P.3d at 587 n.1. The safer course is for a prosecutor to avoid the statement of opinion, as well as the disfavored phrases, "I think" and "I believe" altogether. *Id.*

Here, we conclude the prosecutor's statements during closing argument do not constitute misconduct. The prosecutor issued the following statement during his closing argument:

> You heard some testimony, some of Mr. Montgomery's witnesses took the stand. [Witness 1] took the stand. He said that [Mr. Montgomery] was acting calm and collected. There's no change in that. Dan was acting calm and collected the entire time.
> He said [Mr. Montgomery] had the gun holstered and he only drew it after [the victim] got back in the vehicle.
> That's not what you saw on the video. [Witness 1] is not to be believed. He lied to you. That's not what you saw in the video.
> . . . .
> [Witness 2] took the stand and testified for Mr. Montgomery. The gun was not drawn until after the vehicle stopped. That's not what you saw in the video. She lied to you.
> [Witness 3] testified the gun was holstered. He only drew the gun after the driver got back in the car. That's not what you saw in the video. He lied to you, too.

Mr. Montgomery's wife took the stand and lied to you. She said she thought he got run over.

Because parties are given considerable latitude during their closing arguments, the prosecutor's statements are not misconduct. The evidence in this case did not solely rest on the credibility of the witnesses as there was a video of the entire incident that the jury viewed. Further, because Idaho case law allows prosecuting attorneys to express their opinion as to the truth or falsity of testimony when based upon the evidence, the comments at issue here were not misconduct.[9]

## III.

## CONCLUSION

For the foregoing reasons, Montgomery's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.

---

[9] This is not to say we support the prosecutor's behavior at trial, nor do we excuse or encourage such conduct. We do not understand why prosecutors continue to jeopardize otherwise clean convictions with this sort of behavior, particularly in light of this Court's previous holdings. In this regard, we understand Montgomery's frustration.